[No. 537-1.    Division One—Panel 2.    July 12, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN ALLEN FAVRO, *Appellant.*

*Robert S. Egger* and *Murray B. Guterson,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Gerald M. Lorentson, Deputy,* for respondent.

FARRIS, A.C.J.—On October 12, 1968, at approximately 9:30 p.m., Emil Drovetto, an off-duty Seattle police officer, en-

tered the grocery store of a friend in Seattle. Approximately 15 minutes thereafter, he was shot and seriously wounded by one of two armed men who entered the store and attempted a robbery. Both men ran from the scene and escaped immediate apprehension leaving behind a .45 caliber automatic pistol. Mr. Favro, alleged to be one of the assailants, was arrested while at his house and in bed on October 22, 1968. No warrant was obtained for his arrest. Fingerprints and palm prints of Mr. Favro were taken by the police following the arrest. On October 25, 1968, Mr. Favro along with Gary Noble who confessed to his role in the crime and five other men, all police cadets, were placed in a lineup. Officer Drovetto observed the men in the lineup but made no identification at that time. Fifteen minutes after the lineup and in the presence of Seattle police officers, but out of the presence of Mr. Favro's attorney, Officer Drovetto filled out a lineup identification sheet. Two men were identified: Mr. Favro and a police cadet.

Mr. Favro appeals from his conviction following a jury trial on a 3-count information charging him with assault in the first degree, attempted robbery and assault in the second degree. Error is assigned to the failure of the trial court to suppress the identification testimony of Officer Drovetto, the fingerprint evidence and the in-court identification of Mr. Favro. Mr. Favro also urges the court to find that his arrest was unlawful and in violation of the fourth and fourteeth amendments to the United States Constitution because (1) the arrest was made without a warrant and the state failed to establish that it was not practical to obtain advance judicial approval of the arrest through warrant procedure and (2) in any event, the arrest was made without probable cause. Error is further assigned to the giving of instruction 19.[1]

---

[1] "I instruct you that evidence may be of two kinds, direct or circumstantial. Direct evidence relates directly to factual questions and is produced by witnesses testifying directly from their personal observation. Circumstantial evidence relates to facts and circumstances from which the jury may infer other or connected facts which usually and

■ The accused has a right to have counsel present at a lineup proceeding. *United States v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967).

[A] post-indictment pretrial lineup at which the accused is exhibited to identifying witnesses is a critical stage of the criminal prosecution; that police conduct of such a lineup without notice to and in the absence of his counsel denies the accused his Sixth Amendment right to counsel and calls in question the admissibility at trial of the in-court identifications of the accused by witnesses who attended the lineup.

*Gilbert v. California,* 388 U.S. 263, 272, 18 L. Ed. 2d 1178, 87 S. Ct. 1951 (1967).

Mr. Favro was represented by counsel at the lineup who described the proceeding and concluded, "Up to this point, I thought the lineup was a fine lineup, just perfect." His objection was to the identification of the suspect out of his presence following the lineup. It is urged that the identification is a part of the lineup and the lineup is therefore not completed until the identification is made. We disagree. While it may be good procedure to identify the accused at the lineup, identification follows the lineup. The purpose of counsel at the lineup is to prevent impermissible suggestiveness or influence at the lineup proceeding. Mr. Favro argues that the police might improperly assist the eyewitness in the identification following the lineup. This unfortunate possibility is present throughout the pretrial proceedings up to the time of in-court testimony by the eyewitness. Skillful cross-examination is the remedy for such purported misconduct. To hold otherwise is to require

reasonably followed according to the common experience of mankind.

"Circumstantial evidence may be properly considered by the jury. Its value and weight are to be determined from its character and nature and from its relation to all of the other facts which the jury finds to be otherwise established by the other evidence in the case.

"If, upon consideration of the whole case, you are satisfied beyond a reasonalbe [sic] doubt of the guilt of any defendant, it does not matter whether such certainty has been produced by direct evidence or by circumstantial evidence. The law makes no distinction between circumstantial and direct evidence in the amount of proof required for conviction."

the presence of counsel whenever a witness who will testify about the identity of the accused is interrogated by the police. The possibility of suggestiveness, either intentionally or unintentionally is always present in any such interrogation. Counsel for the accused is a silent observer at the proceedings who can later recall his observations for purposes of cross-examination and act in the capacity of a witness to what transpired. The goal is to detect any unfairness in the confrontation between the witness and the accused and to insure that any suggestion made at that time by the law enforcement officer, either intentionally or unintentionally, is observed. The basis for the requirement of the presence of counsel is the *presence* of the accused when confronted by the witness or witnesses.

The California court, presented with the identical question, reached a different conclusion. We agree with the dissent:

> Counsel's right to be present at a lineup is dependent upon the presence of the accused at the lineup. The accused, at a critical stage of criminal proceedings, cannot remain unrepresented by counsel. Once the police investigation departs from the accused's presence, then neither he nor his counsel has any right of attendance or observation. In the instant case, counsel was properly present during the confrontation of this defendant and witnesses at the lineup. Once the physical confrontation terminated and interrogation of a prospective witness outside the presence of defendant began, the right of counsel to be present ceased.

*People v. Williams,* 3 Cal. 3d 853, 92 Cal. Rptr. 6, 11, 478 P.2d 942 (1971).[2]

The trier of fact, advised that counsel for the accused was present at the lineup and that the identification by the witness was made subsequently and out of his presence will of necessity consider the possible reasons for that procedure as suggested by counsel in his skillful cross-examination and closing argument. We cannot say that this does

---

[2] The California court divided four to three on the question.

not satisfy the right to counsel as guaranteed by the sixth amendment to the United States Constitution.

In *State v. Cerny*, 78 Wn.2d 845, 480 P.2d 199 (1971) the accused was represented by counsel at the lineup where photographs were taken. After the lineup, the photographs were shown to a witness who did not attend the lineup. The appellant there contended that he was denied his Sixth Amendment right to counsel by the subsequent display of photographs to the witnesses. The court in disagreeing, stated:

> Additionally, and most significantly, we are convinced that any possible impropriety which might occur during such exhibition of lineup photographs to witnesses, could be fully uncovered by appellant's counsel during his cross-examination of those witnesses.

*State v. Cerny, supra* at 853.

■ There was sufficient time to obtain a warrant for the arrest of Mr. Favro and the record is void of any reason for the failure to do so. Nevertheless, it is established that arrest can be made for a felony in the absence of a warrant if there is probable cause for the arrest.

> A law officer may lawfully arrest without a warrant if he has probable cause to believe that the person he arrests has committed a felony.

*State v. Isham*, 1 Wn. App. 415, 418, 461 P.2d 569 (1969). *See also State v. Darst*, 65 Wn.2d 808, 399 P.2d 618 (1965); *State v. Mason*, 41 Wn.2d 746, 252 P.2d 298 (1953).

Here the trial court found that there was probable cause for arrest based upon the information supplied by reliable informants and other information revealed by the police investigation. The record supports this finding which was conceded by trial counsel. It will not be disturbed on appeal.

■ Mr. Favro complains because the identity of the informant was not revealed. Here as in *State v. Haugen*, 3 Wn. App. 572, 573, 476 P.2d 132 (1970),

> [Appellant] neither showed nor alleged circumstances which required disclosure of the informant's name. In the

absence of such a showing, disclosure of the informant's name is not required, nor is it incumbent upon the state to show why such disclosure should not be made.

Mr. Favro's handprint, taken after his arrest, matched a handprint in blood of Officer Drovetto's blood type, found at the scene. Since the arrest was proper, that evidence was properly introduced.

Mr. Favro finally assigns error to the giving of instruction 19 without the additional language:

> [I]n order to convict on circumstantial evidence alone, the evidence should be consistent with the guilt of the defendant and inconsistent with any reasonable hypothesis of innocence.

It is error to refuse to instruct on the "hypothesis of innocence" doctrine where the case made by the state is based solely on circumstantial evidence. *State v. Douglas,* 71 Wn.2d 303, 428 P.2d 535 (1967). However, here there is direct evidence of the accused's guilt in the testimony of one of the victims, coupled with recovery of physical evidence and the circumstantial evidence of the palm print identified as Mr. Favro's. It was not error to give instruction 19. *See State v. Cadena,* 74 Wn.2d 185, 443 P.2d 826 (1968).

Affirmed.

JAMES and SWANSON, JJ., concur.

Petition for rehearing denied September 23, 1971.

Review denied by Supreme Court November 23, 1971.