[No. 7826–7–I.   Division One.   December 8, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN FREDERICK COUNTS, *Appellant.*

*Richard A. Hansen,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Dennis Nollette, Deputy,* for respondent.

WILLIAMS, J.—By this action, the State prosecuted John Frederick Counts, a juvenile, under the second degree burglary and second degree assault statutes. Trial before a jury resulted in a verdict of not guilty of the burglary charge and guilty of the assault charge. We affirm.

The State's evidence, which the jury was authorized to believe, was that shortly after midnight on July 3, 1978, Bellevue police responded to a silent alarm set off at a local golf course. On arrival, they found that the clubhouse had been burglarized. A youth, found hiding in the brush nearby and arrested, stated that Counts had participated in the burglary by breaking the window through which entry was made and by filling a box with merchandise which was

taken. Following this confession, a tracking dog was put on the scent and led the officers to the Counts family home.

Counts' father refused the police permission to enter the house to arrest his son. It was only after an hour or more of bitter argument that the police did enter without a warrant and without consent. The police were somewhere near the front door when they told Counts that he was under arrest. He ran into the kitchen, took up a large, heavy butcher knife and moved a step or two forward coming to within about 15 feet of the officers. Immediately, the police drew guns, the father intervened and the encounter was over. Counts was taken into custody.

The first and principal question is whether the police acted unlawfully in entering the Counts family home to make the arrest. If the entry was unlawful, Counts would have been entitled to have submitted the issue of whether he had acted reasonably in defending against it. *State v. Rousseau*, 40 Wn.2d 92, 241 P.2d 447 (1952).

There is little question but that the police had probable cause to arrest Counts; his counsel on appeal conceded as much. He does insist, though, that the police could not rightfully enter the house without a warrant because of the decision of the United States Supreme Court in *Payton v. New York*, 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371 (1980).

In that case the United States Supreme Court held that the fourth amendment to the United States Constitution "prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest." *Payton*, at 576. Thus, the officers' entry into the Counts' home is controlled by *Payton* if that case is to be applied retroactively.

Limitation of a new constitutional interpretation to prospective application depends upon the particular rule and its purposes and effects. *In re Haverty*, 94 Wn.2d 621, 625, 618 P.2d 1011 (1980).

The pertinent factors [for consideration] are the purpose of the new rule, the extent to which law enforcement

agencies and courts have justifiably relied upon the pre-existing rule, and the effect of retroactive application upon the administration of justice.

*Wood v. Morris,* 87 Wn.2d 501, 514, 554 P.2d 1032 (1976).

The purpose of the *Payton* rule is to prevent police entry of a home to make a routine arrest without a warrant. Law enforcement agencies have been making nonconsensual entry without a warrant to make a felony arrest for some time. As was recognized in *Payton v. New York, supra,* the state of Washington is one of 23 states authorizing that procedure by statute. RCW 10.31.040. *Payton,* 445 U.S. at 598 n. 46, 63 L. Ed. 2d at 658. The Court of Appeals in *State v. Favro,* 5 Wn. App. 311, 487 P.2d 261 (1971), *cert. denied,* 405 U.S. 1040, 31 L. Ed. 2d 580, 92 S. Ct. 1309 (1972), a case involving the arrest without a warrant of a person in his bed at home, said:

> A law officer may lawfully arrest without a warrant if he has probable cause to believe that the person he arrests has committed a felony.
> *State v. Isham,* 1 Wn. App. 415, 418, 461 P.2d 569 (1969). *See also State v. Darst,* 65 Wn.2d 808, 399 P.2d 618 (1965); *State v. Mason,* 41 Wn.2d 746, 252 P.2d 298 (1953).

*State v. Favro, supra* at 315.

Nothing would be accomplished by applying the *Payton* rule to previous cases. Past police conduct cannot be changed and the rule has nothing to do with the truth–seeking function of the trial court. *Hankerson v. North Carolina,* 432 U.S. 233, 53 L. Ed. 2d 306, 97 S. Ct. 2339 (1977). The warrantless arrest of Counts in his home did not bear on his guilt or innocence. The impact upon the administration of justice, should the *Payton* rule be given retroactive effect, would hurt, not help.

The next question is whether there is sufficient evidence to convict. It appears from the record that the finding of guilt is adequately supported. *State v. Green,* 94 Wn.2d

216, 616 P.2d 628 (1980). The jury could reasonably determine that Counts picked up the knife intending to use it. *State v. Luoma,* 88 Wn.2d 28, 33, 558 P.2d 756 (1977).

Finally, Counts argues that an instruction listing third degree assault as a lesser included offense of second degree assault should have been given. The elements of third degree assault are not necessary elements of second degree assault. *See State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978). The court was correct in refusing to so instruct the jury.

The judgment is affirmed.

SWANSON and ANDERSEN, JJ., concur.

Reconsideration denied February 26, 1981.

Review granted by Supreme Court May 8, 1981.