[No. 10315-6-I.   Division One.   October 25, 1982.]

THE STATE OF WASHINGTON, *Respondent*, v. MAURICE SAUVE, *Appellant*.

*David Shorett* and *Marston, Hodgins, Shorett, Gillingham, Hardman & Jones*, for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney*, and *Timothy X. Sullivan, Deputy*, for respondent.

SWANSON, J.—In June 1978, Maurice Sauve was convicted of 11 counts of first degree robbery (while armed with a deadly weapon), 2 counts of first degree kidnapping (while armed with a deadly weapon and a firearm), 1 count of second degree assault (while armed with a deadly weapon and a firearm), and 2 counts of second degree possession of stolen property. In January 1979, he was found to be a habitual criminal, and on February 20, 1979, he was sentenced. In March 1979, he appealed to this court from the judgment and sentence dated February 20, 1979.

Due to a stay of proceedings, pending the outcome in *State v. Holsworth*, 93 Wn.2d 148, 607 P.2d 845 (1980), Sauve's appeal was not heard until January 1981. He assigned error to the trial court's (1) order compelling him to submit to fingerprinting after the trial commenced, (2) findings of fact and conclusions of law as to the habitual criminal finding, and (3) findings of fact and conclusions of law as to a credit card forgery conviction.[1]

Early in 1981, the Court of Appeals issued a decision in the case, State v. Sauve, cause 7420–2–I (February 23, 1981). The court remanded the case to the trial court pursuant to *Holsworth* for a rehearing as to matters relied on in the habitual criminal proceeding. The State abandoned the habitual criminal finding upon remand and Sauve was resentenced in May 1981. He then appealed from the judgment and sentence entered on May 11, 1981. This is the appeal now before us, which we will refer to as his second appeal.

The assignments of error in Sauve's second appeal raise issues relating only to the pre–remand trial. None of the issues now raised was presented to or passed upon by the trial court on remand. Thus, Sauve asks us to consider issues that were raised or could have been raised during his

---

[1] In reviewing the correspondence file, we note a letter from Sauve addressed to the court, dated December 23, 1980, which asks that other issues, including warrantless arrest and defective instructions, be considered as part of the appeal.

first appeal.[2]

■ Our court rules and the law itself are sedulous in maintaining for the accused whatever forms of procedure that are the essence of an opportunity to defend and appeal. Privileges so fundamental as to be inherent in every concept of a fair trial and appeal that could be acceptable to the thought of reasonable men are kept inviolate and inviolable, however overwhelming may be the pressure of incriminating proof. But justice, although due to the accused, is also due to the accuser. The concept of fairness must not be strained until it is narrowed to a filament. We are to keep the balance true.

---

[2]Although not cited to us by appellant, we note the provisions of RAP 2.5(c)(1) and (2) that permit us to review the propriety of an earlier trial court or appellate court decision in the same case. The rule provides:

(c) **Law of the Case Doctrine Restricted.** The following provisions apply if the same case is again before the appellate court following a remand:

(1) *Prior Trial Court Action.* If a trial court decision is otherwise properly before the appellate court, the appellate court may at the instance of a party review and determine the propriety of a decision of the trial court even though a similar decision was not disputed in an earlier review of the same case.

(2) *Prior Appellate Court Decision.* The appellate court may at the instance of a party review the propriety of an earlier decision of the appellate court in the same case and, where justice would best be served, decide the case on the basis of the appellate court's opinion of the law at the time of the later review.

The purpose of RAP 2.5(c)(1) is to restrict the law of the case doctrine by permitting the trial court upon remand to exercise independent judgment, and by permitting the appellate court to review the resulting decision. The rule does not permit an appellant to raise an issue in a second appeal unless it was considered by the trial court upon remand. If the issue is not considered by the trial court upon remand, it is not "properly before the appellate court" and therefore does not satisfy the rule's stated prerequisite for review. The comment to the rule states:

Subsection (c)(1) restricts the doctrine as it relates to trial court decisions after the case is remanded by the appellate court. The trial court may exercise independent judgment as to decisions to which error was not assigned in the prior review, and these decisions are subject to later review by the appellate court.

RAP 2.5(c)(2) is likewise inapplicable. The rule is limited by its language to review of a prior appellate decision in the same case on the basis of the court's opinion of the law at the time of the later review. We have not been asked to review a prior appellate decision in this case, but rather to review for a second time the initial trial court decision.

Sauve's brief in the second appeal does not devote a single word to why we should consider in the second appeal issues which were raised or could have been raised in the first appeal; nor did he or his attorney file a reply brief or appear at oral argument in the second appeal to respond to questions we had pertaining to this issue.[3] We anticipate that had Sauve's attorney filed a reply brief or appeared before us for the second appeal, he would have argued his client did not have the benefit at the first appeal of two important cases on search and seizure and warrantless arrest[4] that were issued after Sauve's trial. Such an argument would not have been well received because both important cases had been issued before the date oral argument was scheduled in the first appeal and even Sauve learned "from talking with people here at the Penitentiary" that one of the cases had been issued before oral argument.[5] Thus, Sauve and his attorney had the opportunity to present to this court in the first appeal issues addressed in these cases and all other cases issued before oral argument.[6]

---

[3]Sauve's attorney does discuss the issue in a response to a motion. Although the response is part of the correspondence file of the case before us, it is not part of the appeal; therefore, we will not consider it.

[4]*Payton v. New York,* 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371 (1980); *State v. Jones,* 22 Wn. App. 447, 591 P.2d 796 (1979).

[5]It appears from the letter of December 23, 1980 contained in the correspondence file that prior to oral argument in the first appeal, Sauve brought one of the cases, *Payton v. New York,* 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371 (1980), to his attorney's attention. Nevertheless, Sauve's attorney did not file a supplemental brief and did not appear at oral argument in the first appeal.

[6]*Payton v. New York,* 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371 (1980) was announced April 15, 1980. On December 8, 1980, the Court of Appeals decided *Payton* was not to be applied retroactively. *State v. Counts,* 27 Wn. App. 773, 620 P.2d 1013 (1980), *review granted,* 95 Wn.2d 1018 (1981). *But cf. United States v. Johnson,* ___ U.S. ___, 73 L. Ed. 2d 202, 102 S. Ct. 2579 (1982) (A decision of the United States Supreme Court construing the Fourth Amendment is to be applied retroactively to all convictions that were not yet final at the time the decision was rendered, except where a case would be clearly controlled by existing retroactivity precedents. *Payton* was applied retroactively to *Johnson.*). *Counts*

Because Sauve has not provided us in his second appeal with a reason to reconsider his first appeal, and because he does not appeal from decisions made by the trial court on remand, we adhere to a principle enunciated by the Washington Supreme Court:

> This court from its early days has been committed to the rule that questions determined on appeal or questions which might have been determined had they been presented, will not again be considered on a subsequent appeal in the same case.

*Davis v. Davis,* 16 Wn.2d 607, 609, 134 P.2d 467 (1943). *Accord, State v. Bauers,* 25 Wn.2d 825, 830, 172 P.2d 279 (1946); *State v. Jacobsen,* 78 Wn.2d 491, 477 P.2d 1 (1970); *State v. Bradfield,* 29 Wn. App. 679, 630 P.2d 494 (1981).

The appeal is dismissed.

ANDERSEN, C.J., and CORBETT, J., concur.

Reconsideration denied February 1, 1983.

Review granted by Supreme Court April 1, 1983.

should not have deterred Sauve from arguing in his first appeal retroactive application of *Payton* to his case.