[No. 49390–1. En Banc. July 21, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. MAURICE SAUVE, *Petitioner.*

*David L. Shorett,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Timothy X. Sullivan, Deputy,* for respondent.

DOLLIVER, J.—On May 5, 1978, after receiving a tip from an informant, Seattle police officers arrested Maurice Sauve in connection with a crime spree that occurred earlier that day. Police forcibly entered Sauve's house to effectuate the arrest. The police made no attempt before going to Sauve's house to obtain either an arrest warrant or a search warrant. In June 1978, Maurice Sauve was convicted of 11 counts of first degree robbery, 2 counts of first degree kidnapping, 1 count of second degree assault, and 2 counts of second degree possession of stolen property. In January 1979, Sauve was found to be a habitual criminal, and on February 20, 1979, he was sentenced. In March 1979, Sauve appealed to the Court of Appeals from the judgment and sentence.

Due to a stay of proceedings pending the outcome in *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980), Sauve's appeal was not heard until January 1981. On February 23, 1981, the Court of Appeals issued an unpublished

decision in the case. *State v. Sauve*, cause 7420-2-I, unpublished opinion noted at 28 Wn. App. 1032 (1981). The Court of Appeals remanded the case to the trial court pursuant to *Holsworth* for a rehearing as to matters relied on in the habitual criminal proceeding.

On remand, the State abandoned the habitual criminal charges against Sauve. On May 11, 1981, the Superior Court entered judgment and resentenced Sauve. Sauve appealed from the May 1981 judgment and sentence. This appeal was dismissed by the Court of Appeals which held that since defendant had the opportunity to present at the first appeal all issues now presented at the second appeal, these issues would not now be considered. *State v. Sauve*, 33 Wn. App. 181, 652 P.2d 967 (1982).

The substantive issues revolve around the question of the constitutionality of the forcible warrantless entry into Sauve's house. *Payton v. New York*, 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371 (1980) held that, absent exigent circumstances, police may not make a warrantless, nonconsensual entry into a suspect's house to make a routine felony arrest. Although *Payton* was decided subsequent to defendant's conviction, the first appeal was heard in January 1981, more than 8 months later. Even though in *State v. Counts*, 27 Wn. App. 773, 620 P.2d 1013 (1980) the Court of Appeals decided *Payton* was not to be applied retroactively, this "should not have deterred Sauve from arguing in his first appeal retroactive application of *Payton* to his case." *Sauve*, 33 Wn. App. at 184 n.6. *Counts* was subsequently overruled by this court. *State v. Counts*, 99 Wn.2d 54, 61, 659 P.2d 1087 (1983). *Accord, United States v. Johnson*, 457 U.S. 537, 73 L. Ed. 2d 202, 102 S. Ct. 2579 (1982).

■ While we have repeatedly refused to consider errors raised for the first time on appeal, *see, e.g., Fuqua v. Fuqua*, 88 Wn.2d 100, 105, 558 P.2d 801 (1977); *State v. Stewart*, 73 Wn.2d 701, 705-06, 440 P.2d 815 (1968); *State v. Green*, 70 Wn.2d 955, 963, 425 P.2d 913, *cert. denied*, 389 U.S. 1023 (1967), we will consider constitutional issues

raised for the first time on appeal. *State v. Regan,* 97 Wn.2d 47, 50, 640 P.2d 725 (1982); *State v. Theroff,* 95 Wn.2d 385, 391, 622 P.2d 1240 (1980); *State v. Green,* 94 Wn.2d 216, 231, 616 P.2d 628 (1980). RAP 2.5(a) reflects this view that a "manifest error affecting a constitutional right" may be raised for the first time in an appellate court.

Even though an appeal raises issues of constitutional import, at some point the appellate process must stop. Where, as in this case, the issues could have been raised on the first appeal, we hold they may not be raised in a second appeal. Nonetheless, defendant is not without a remedy. He may choose to apply for a personal restraint petition under RAP 16.3, 16.4, and with a prima facie showing of actual prejudice arising from constitutional error would be entitled to "a full hearing on the merits or for a reference hearing pursuant to RAP 16.11(a) and RAP 16.12". *In re Hews,* 99 Wn.2d 80, 88, 660 P.2d 263 (1983).

The prosecuting attorney urges us to find exigent circumstances existed in the entry into Sauve's house. We noted in *State v. Counts,* 99 Wn.2d at 60, those circumstances which might represent exigent circumstances so as to justify a departure from the rule in *Payton.* Given the condition of the record in this case, however, we are unable to determine whether exigent circumstances exist and reject the position of the State.

The Court of Appeals is affirmed.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, DORE, DIMMICK, and PEARSON, JJ., concur.