IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35782-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TYLER SCOTT FIFE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — This court previously remanded the prosecution of Tyler Fife for resentencing and for the sentencing court to exercise discretion in determining whether to grant a downward exceptional sentence. Fife claims he should receive an exceptional sentence because he committed his crimes under duress and without a predisposition to commit the crimes. The resentencing court refused the downward exceptional sentence. Because the resentencing court exercised its discretion within the appropriate standards, we affirm.

FACTS

Tyler Fife confessed that he and three other individuals burglarized two homes and an attached garage to one home on December 1, 2014. He contends that he participated in the crimes because of duress imposed by Sean Dahlquist.

During trial, Tyler Fife testified that, because he resided in Okanogan County for a long time, he "kind of" knew Sean Dahlquist. RP[1] at 275. On cross-examination, Fife admitted knowing Dahlquist to be a troublemaker. He recounted that, on December 1, 2014, Dahlquist appeared at a mutual friend's home, they socialized for a while, and he, his girlfriend, Samantha Garcia, and Chantelle Mendivil agreed to go on a drive with Dahlquist.

At trial, Tyler Fife further testified that he and Samantha Garcia assisted with the burglaries from fear that Sean Dahlquist, the instigator of the crime spree, would physically harm them if either refused to abet. Fife testified that Dahlquist threatened both him and Garcia: "'If you guys don't get out [of the truck][,] I'm going to make you.'" RP[1] at 291. Later, according to Fife, Dahlquist threatened to stab him with a knife if he did not help burglarize the first home. When Fife did not comply, Dahlquist grabbed his arm and forced him out of the truck and into the home.

After ransacking the first home, the quartet retired to the Nicholas Motel in Omak to unload their bounty. Later that evening, Sean Dahlquist, Chantelle Mendivil, and Tyler Fife departed toward Tonasket to burglarize the second home. Fife testified that

Dahlquist did not trust him to stay behind with Samantha Garcia at the hotel and said,

"'[y]ou're coming with me.'" RP[1] at 308. When demanding Fife's participation,

Dahlquist played with a stolen pistol from the first home. Fife obeyed again. Garcia

testified and confirmed Fife's testimony of threats from Dahlquist.

PROCEDURE

The State of Washington charged Tyler Fife with thirteen criminal counts, which

included charges for burglary, theft, possession of stolen property, malicious mischief,

and possession of controlled substances, all related to the December 1 crime spree. The

charges included one count of first degree burglary based on Sean Dahlquist being armed

with a gun that he stole from the first home. Fife asserted the defense of duress. A jury

rejected Fife's duress defense and found him guilty of all thirteen counts.

During initial sentencing, Tyler Fife requested an exceptional sentence downward

based on the mitigating factors of duress and a lack of criminal predisposition. The trial

court rejected Fife's request for an exceptional sentence. Nevertheless, the court cited the

standard for the exceptional sentence as "substantial and compelling evidence that there

was duress" instead of "substantial and compelling reasons" for a departure shown by a

preponderance of the evidence. The trial court also failed to address the request for an

exceptional sentence on the basis that Fife lacked a predisposition for criminal behavior.

The trial court sentenced Fife to standard range sentences on all counts. Tyler Fife

appealed. In *State v. Fife*, No. 34442-8-III (Wash. Ct. App. Sept. 14, 2017),

No. 35782-1-III
*State v. Fife*

(unpublished), https://www.courts.wa.gov/opinions/pdf/344428_unp.pdf, this court held

that the trial court applied the wrong legal standard under RCW 9.94A.535 for mitigating

factors and that the court failed to consider Fife's request for an exceptional sentence

based on a lack of criminal predisposition. This court remanded for resentencing with

instructions that the court consider whether to grant a downward sentence based on Fife's

claim that he suffered duress and lacked a criminal predisposition.

During resentencing, Tyler Fife again requested an exceptional downward

departure from the standard range sentence based on the mitigating factors of duress and

lack of criminal predisposition. During the resentencing hearing, the trial court

entertained comments from the State, defense counsel, Fife, and Fife's mother.

When resentencing Tyler Fife, the resentencing court discussed this court's

opinion in *State v. Fife*, No. 34442-8-III, clarified the standard for a downward sentence,

and addressed Fife's request for an exceptional sentence based on duress and lack of

criminal predisposition. The court commented:

> [B]ut for those of you in the courtroom, and for the record, and for
> the sake of the Court of Appeals if there's ever any other appellate matter
> involving this case, I don't want anyone to feel that the Court today has
> disregarded any of the stated reasons for the defense's request for an
> exceptional sentence. In other words, be clear folks, that I am mindful of
> the defendant's claim of duress and—and that he lacked a pre-disposition
> for criminal behavior. And I truly hope that everyone in this courtroom
> feels like this Court has considered this matter at length because I have.

RP[2] at 40.

4

No. 35782-1-III
*State v. Fife*

The resentencing court rejected Tyler Fife's request for an exceptional sentence

downward on duress and lack of criminal predisposition. The court remarked:

> So, for purposes of re-sentencing, and for the record, and any future potential appellate review, the Court today, again, rejects the defendant's request for an exceptional sentence. Specifically, and regardless of the jury's verdicts, the Court finds that Mr. Fife's contention is arguable at best. He claims he refused or couldn't or didn't leave due to his fear that Mr. Dahlquist would hurt him or Ms. Garcia if he left or sought help. Yet, the evidence presented at trial showed opportunities when he might have left or ceased participation. The evidence is arguable and such that the Court cannot conclude by a preponderance that the defendant acted under duress or threat, even an amount less than necessary to establish the legal defense of duress.
> . . . .
> . . . Likewise, the Court today is denying an exceptional sentence based on a lack of predisposition to crime and/or that someone else induced him to commit the crimes.
> It may be true that the defendant has minimal criminal history. But, it's interesting, as counsel pointed out last week, that Mr. Fife had only been in Okanogan County for a very short period of time and in that time managed to become acquainted with, and apparently to some degree, befriended Mr. Dahlquist. I don't like the word disingenuous, but it is a contradiction to say really that on one hand Mr. Fife chose to hang out with this other person, befriending him to some degree or another, but at the same time, didn't know what was going on. So, I'm not satisfied that the evidence supports an exceptional sentence based on a lack of pre-disposition or that someone else is somehow responsible.
> We know Mr. Fife has some criminal history. We know he has other issues and so the Court today declines to impose an exceptional sentence.

RP[2] at 43-45. The resentencing court amended the sentence on the controlling

first degree burglary charge to the low end of the standard range, 77 months.

At the conclusion of resentencing, the court commented:

5

If you choose to appeal, you have the right to be represented by an attorney. If you cannot afford to hire your own attorney, the Court will appoint counsel to represent you and that's at public expense. If you choose to hire your own attorney, that's your business. Either way, if you choose to appeal, you must, within thirty days of today, file a notice of appeal that sets forth any errors of law that you feel the Court has committed. Again, at *any* stage of any of the proceedings at the trial Court level.

RP[2] at 47 (emphasis added).

LAW AND ANALYSIS

Tyler Fife asserts four contentions on appeal. First, insufficient evidence supported his conviction for first degree burglary. Second, the exceptional sentence sentencing statute is unconstitutional as applied to him. Third, the resentencing court abused its discretion when refusing to grant a downward exceptional sentence because of his duress. Fourth, the resentencing court abused its discretion when failing to grant a downward exceptional sentence because of his lack of a criminal predisposition. Fife raises the first two contentions for the first time on this second appeal.

Insufficient Evidence

Tyler Fife argues that he did not have the requisite mental state for the first degree burglary conviction. He emphasizes that the State presented no evidence to support an inference that he entered the residence with the *intent* to commit a crime therein, an element of first degree burglary under RCW 9A.52.020.

6

A claim of insufficient evidence in support of a conviction is an issue of constitutional magnitude that an appellant may raise for the first time on appeal. RAP 2.5(a)(3); *State v. Cardenas-Flores*, 194 Wn. App. 496, 508-09, 374 P.3d 1217 (2016), *aff'd*, 189 Wn.2d 243, 401 P.3d 19 (2017). Nevertheless, a defendant is generally prohibited from raising issues, including constitutional issues, on a second appeal that he could have raised on the first appeal. *State v. Sauve*, 100 Wn.2d 84, 87, 666 P.2d 894 (1983); *State v. Mandanas*, 163 Wn. App. 712, 716-17, 262 P.3d 522 (2011).

The appeal now before this court is Tyler Fife's second appeal. Fife asserts, however, that he is entitled to raise any assignments of error from any portion of the proceedings against him because of the resentencing court's broad comment, at the conclusion of resentencing:

> if you choose to appeal, you must, within thirty days of today, file a notice of appeal that sets forth any errors of law that you feel the Court has committed. Again, at *any* stage of any of the proceedings at the trial Court level.

RP[2] at 47 (emphasis added). We do not read the trial court's statement as broad as Fife. The resentencing court did not promise Fife that this reviewing court would entertain any assignment of error from any stage of the prosecution. Instead, the resentencing court informed Fife that, assuming he wishes to appeal any ruling during any stage of the proceeding, he must file a notice of appeal within thirty days. Also, we know of no rule that permits the superior court to bind the Court of Appeals into an obligation to entertain

7

an assignment of error otherwise not reviewable.

Tyler Fife cites no authority, in his opening brief, establishing that a defendant may raise a contention not asserted in the first appeal. He instead cites RAP 2.5(a)(2) and (3) and RAP 2.5(c) in his reply brief. The applicable rule, RAP 2.5(c)(1), states:

> . . . If a trial court decision is otherwise properly before the appellate court, the appellate court may at the instance of a party review and determine the propriety of a decision of the trial court even though a similar decision was not disputed in an earlier review of the same case.

RAP 2.5(c)(1) has its limits. The rule does not automatically revive every issue or decision not raised in an earlier appeal. *State v. Barberio*, 121 Wn.2d 48, 50, 846 P.2d 519 (1993). Rather, we will entertain a new issue on the second appeal only if the trial court, on remand, exercised independent judgment and reviewed and ruled again on the issue. *State v. Barberio*, 121 Wn.2d at 50. Tyler Fife's resentencing court did not consider the sufficiency of the evidence for any conviction. Therefore, we deny review of this assignment of error.

We deem *State v. Mandanas*, 163 Wn. App. 712 (2011) controlling. Bayani Mandanas appealed his sentence. This court found that the trial court abused its discretion in its determination of same or separate criminal conduct, and this court remanded for resentencing. In a second appeal, Mandanas raised a double jeopardy claim to challenge his convictions. This court held that the defendant's double jeopardy challenge was not timely since Mandanas never raised it in his first appeal. The court

observed that even an issue of constitutional import cannot be raised in a second appeal. At some point, the appellate process must stop.

Constitutionality of Sentencing Statute

At the time of the initial sentencing and the resentencing, Tyler Fife sought a downward exceptional sentence under RCW 9.94A.535. The statute permits the sentencing court to sentence below the standard range if, based on a preponderance of evidence, the sentencing court finds:

> The defendant committed the crime under duress, coercion, threat, or compulsion insufficient to constitute a complete defense but which significantly affected his or her conduct.

RCW 9.94A.535(1)(c). Fife argues that the statutory scheme is unfair to him under the context when the State charged him with first degree burglary. For the jury to convict him of first degree burglary, the jury must find that he or one of his accomplices armed himself with a firearm. The State presented testimony that Sean Dahlquist armed himself. Yet, Fife testified and argued that Dahlquist employed the firearm as a mechanism of the duress, coercion, threat or compulsion that Fife suffered. Thus, Fife asserts that he needed to either forgo his right to present a defense of duress or remain silent. Thus, the law and evidence coerced him into testifying against himself and interfered in his right to defend himself in violation of his Fifth and Sixth Amendment rights.

We applaud Tyler Fife's resourcefulness in asserting this contention.

9

Nevertheless, we decline to review the argument since Fife did not raise the contention during his first appeal or during trial. As stated before, a defendant may not raise even a constitutional argument for the first time on a second appeal. *State v. Sauve*, 100 Wn.2d at 87 (1983); *State v. Mandanas*, 163 Wn. App. at 717 (2011).

Duress

Tyler Fife contends that the trial court erred when refusing his request for a downward exceptional sentence based on duress because the trial court failed to employ the proper procedure in its consideration and denied the request on impermissible grounds. The State concedes that a defendant may appeal the procedure a trial court follows when considering an exceptional sentence. Nevertheless, the State argues that Fife does not present an appealable issue because no procedural errors occurred on resentencing. The State also contends that, even if the issue is appealable, the trial court thoroughly analyzed the issue of whether Fife established duress for the purpose of sentencing, and the court did not abuse its discretion.

Although a standard range sentence is generally not appealable due to the rigid language of RCW 9.94A.585, a defendant may appeal the procedure the trial court followed when imposing his sentence. *State v. Knight*, 176 Wn. App. 936, 957, 309 P.3d 776 (2013). While no defendant is entitled to an exceptional sentence below the standard range, every defendant is entitled to ask the trial court to consider such a sentence and have the alternative actually considered. *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d

1183 (2005). Failure to consider an exceptional sentence is reversible error. *State v. Grayson*, 154 Wn.2d at 342.

When a defendant requests an exceptional sentence downward, the denial of that request can be reviewed if the sentencing court either "refused to exercise discretion at all or has relied on an impermissible basis for refusing to impose an exceptional sentence." *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997). A court refuses to exercise discretion if it refuses categorically to impose an exceptional sentence below the standard range under any circumstances. *State v. Garcia-Martinez*, 88 Wn. App. at 330. A court relies on an impermissible basis for declining to impose an exceptional sentence below the standard range when, for example, the court determines that no drug dealer should get an exceptional sentence or it refuses to consider a request on the basis of the defendant's race, sex or religion. *State v. Garcia-Martinez*, 88 Wn. App. at 330. Conversely, when a court considers facts and finds no legal or factual basis for an exceptional sentence, the sentencing court has exercised its discretion, and the defendant cannot appeal that ruling. *State v. McGill*, 112 Wn. App. 95, 100, 47 P.3d 173 (2002).

The Sentencing Reform Act of 1981, chapter 9.94A RCW, allows trial courts to consider a "failed defense" as a mitigating factor justifying an exceptional sentence below the standard range even if the jury convicted the defendant and rejected the proffered defense. *State v. Jeannotte*, 133 Wn.2d 847, 858-59, 947 P.2d 1192 (1997). RCW 9.94A.535 reads, in relevant part:

11

The court may impose a sentence outside the standard sentence range for an offense if it finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence. . . .

. . . .

(1) Mitigating Circumstances—Court to Consider
The court may impose an exceptional sentence below the standard range if it finds that mitigating circumstances are established by a preponderance of the evidence. The following are illustrative only and are not intended to be exclusive reasons for exceptional sentences.

. . . .

(c) The defendant committed the crime under duress, coercion, threat, or compulsion insufficient to constitute a complete defense but which significantly affected his or her conduct.

Tyler Fife asserts that the trial court impermissibly focused only on duress and failed to address other statutory words such as coercion, threat, or compulsion. Fife also contends that the trial court erred in its inquiry because it focused solely on his ability or lack thereof to abandon the criminal enterprise and therefore the court employed an incorrect legal standard under RCW 9.94A.535(1)(c). We disagree.

The resentencing court properly exercised its discretion when it considered Tyler Fife's request for an exceptional sentence. The court understood its options and the appropriate standards and determined that an exceptional sentence downward was not appropriate for Fife. The court considered the evidence and did not find that Fife acted under duress or threat. The court did not use the words "compulsion or coercion," but we deem those words to bear the same meaning in this context to the words uttered by the court: "duress" and "threat."

12

The sentencing court likewise did not rely solely on an impermissible basis in denying his request for an exceptional sentence. At the resentencing hearing, the court entertained comments from the State, defense counsel, Tyler Fife's mother, and Fife himself. The court found that evidence presented at trial showed times when Fife could have refused to participate or ceased participation altogether and imposed a standard range sentence.

Tyler Fife complains that the trial court impermissibly based its decision on an incorrect legal standard because abandonment of the criminal enterprise is nowhere to be found under RCW 9.94A.535(1)(c). Nevertheless, a court's discussion regarding a defendant's opportunity to remove oneself from participating in the criminal activity relates to whether the defendant acted under coercion and duress.

Lack of Criminal Predisposition

Tyler Fife also contends the trial court improperly denied his request for a downward exceptional sentence because of his lack of a predisposition to commit criminal acts. RCW 9.94A.535(1)(d) allows an exceptional sentence when:

> The defendant, with no apparent predisposition to do so, was induced by others to participate in the crime.

We employ the same analysis employed with regard to the factor of duress. A defendant may appeal the procedure the trial court followed when imposing a standard range sentence or in considering an exceptional sentence. *State v. Knight*, 176 Wn. App.

13

at 957. The reviewing court's inquiry is limited to whether the trial court refused to exercise discretion at all or relied on an impermissible basis for its refusal of an exceptional sentence. *State v. Garcia-Martinez*, 88 Wn. App. at 330.

Tyler Fife contends that the resentencing court erred because it relied on facts outside the record and such a "foray" is an impermissible basis for declining a downward exceptional sentence based on a lack of criminal predisposition. He takes exception to the trial court's comment regarding his "befriending" of Sean Dahlquist.

We agree with Tyler Fife that a sentencing court may not rely on extrajudicial information, but must rely on facts admitted, proved, or acknowledged when determining any sentence. *State v. Grayson*, 154 Wn.2d at 338-39 (2005). Nevertheless, trial testimony showed that Fife knew Sean Dahlquist and they spent time together. The court could draw a reasonable inference that Fife and Dahlquist were friends. Fife knew Dahlquist had a criminal past. Also, Fife possessed a criminal history.

## CONCLUSION

We affirm the trial court's resentencing of Tyler Fife.

14

No. 35782-1-III
*State v. Fife*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, A.C.J.