IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36600-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JOSEPH ANDREW RICHMOND, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — In Joseph Richmond's first appeal of his conviction

for murder in the second degree, this court remanded for the trial court to conduct an

offender score comparability analysis, and, if necessary, to exercise its discretion anew to

recalculate the length of Mr. Richmond's confinement. *State v. Richmond*, 3 Wn. App.

2d 423, 437, 415 P.3d 1208, *review denied*, 191 Wn.2d 1009, 424 P.3d 1223 (2018). In

this subsequent appeal from that remand, Mr. Richmond challenges two community

custody conditions and the imposition of interest on his legal financial obligations. For

the reasons stated below, we affirm in part, reverse in part, and remand for correction of

the judgment and sentence.

FACTS

At sentencing, the lower court originally was not going to impose a chemical dependency evaluation and treatment, but changed its mind based on evidence presented by the State. Although neither Mr. Richmond, nor his lawyer, expressed any objection to this requirement, the court informed Mr. Richmond: "[I]f you disagree with that, that will be one of the things that you can take up with the Court of Appeals." Report of Proceedings (RP) (Feb. 26, 2016) at 1211. The court also imposed other standard conditions authorized by RCW 9.94A.703, including a requirement to pay supervision fees.

The only aspect of his sentence that Mr. Richmond challenged in his prior appeal was the comparability of an Idaho conviction used to calculate his offender score. Agreeing that the record was insufficient to support that aspect of Mr. Richmond's sentence, we remanded "for resentencing on this issue." *Richmond*, 3 Wn. App. 2d at 437. In the concluding paragraph of our opinion, we provided specific instructions that our remand was limited "to conduct a comparability analysis and assessment of Mr. Richmond's offender score." *Id*.

Upon remand, the State conceded the offender score issue. The parties then presented arguments on what the new length of confinement should be. RP (Jan. 25, 2019) at 5-9. The court imposed a new confinement term based on those arguments and reimposed the original community custody terms without exercising its discretion anew.

No. 36600-6-III
*State v. Richmond*

*Id*. at 10.  Although not called on to do so by the parties, the lower court also afforded

Mr. Richmond partial financial relief under *Ramirez*.[1]  *Id*.

ANALYSIS

In this second appeal, Mr. Richmond argues that the lower court erred by ordering

him to obtain a chemical dependency evaluation and treatment as a condition of

community custody.

As previously noted, Mr. Richmond did not appeal this issue during his first

appeal.  This was in spite of the fact that he had the opportunity to do so and in spite of

the fact that the lower court explicitly told him he could do so.  Accordingly, review of

this issue is now barred.  *State v. Sauve*, 100 Wn.2d 84, 87, 666 P.2d 894 (1983).

As the Supreme Court explained in *Sauve*: "[A]t some point the appellate process

must stop.  Where, as in this case, the issues could have been raised on the first appeal,

we hold they may not be raised in a second appeal."  *Id*.  "Nonetheless, defendant is not

without a remedy.  He may choose to apply for a personal restraint petition . . . ."  *Id*.

More recently, in *State v. Vandervort*, No. 51973-9-II, slip op. at 1-2

(Wash. Ct. App. Nov. 26, 2019), http://www.courts.wa.gov/opinions/pdf/D2%2051973-

9-II%20Published%20Opinion.pdf., Division Two dismissed as untimely an appeal of

legal financial obligations.  Although the superior court had recently amended the

---

[1] *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018).

3

confinement portion of the defendant's judgment and sentence as a sanction, Division

Two of this court held that amendment of the confinement portion of the judgment and

sentence did not renew the RAP 5.2 time frame for appealing other unaffected aspects of

the judgment and sentence.  Accordingly, review of the chemical dependency condition is

not only barred as a matter of finality under *Sauve*, but also as untimely under RAP 5.2.

Mr. Richmond also challenges for the first time in this subsequent appeal the

lower court's order for him to pay supervision fees as determined by the Department of

Corrections under RCW 9.94A.703(2)(d), and the imposition of interest on his

nonrestitution legal financial obligations.  Because the Supreme Court had not decided

*Ramirez* at the time we issued our first opinion in this case, and because Mr. Richmond's

sentence was not final at the time of *Ramirez*'s publication, he is entitled to his requested

relief as to these two issues.  *Ramirez*, 191 Wn.2d at 747-50; *State v. Lundstrom*, 6 Wn.

App. 2d 388, 396 n.3, 429 P.3d 1116 (2018).  Accordingly, we accept the State's

concession as to the legal financial obligations.

CONCLUSION

The judgment is affirmed, and the case is remanded for the lower court to finish

providing Mr. Richmond with financial relief under *Ramirez*.

4

No. 36600-6-III
*State v. Richmond*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, J.

5