IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 82533-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CLIFF ALAN JONES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — When a defendant appeals a modified sentence entered after a successful appeal, he is generally not entitled to raise new issues he could have raised in his initial appeal. Cliff Jones's sentence was modified following a successful appeal, and he now raises multiple new alleged errors from his trial. Because Jones failed to raise these issues in his first appeal, his challenges are untimely.

Jones also contends the denial of a motion to continue resentencing harmed his right to present a defense. Because Jones alleges prejudice only from a pretrial decision he did not challenge in his first appeal, he fails to show the court abused its discretion by denying the motion.

Therefore, we affirm.

## FACTS

On March 8, 2017, Cliff Jones entered a global plea agreement, pleading guilty to three counts of second degree child molestation and one count of second degree child assault.[1]  He was sentenced that April and appealed.

Jones argued, among other issues, that a community custody condition interfered with his fundamental right to parent by prohibiting him from having any contact with minors, that his guilty plea was not entered into knowingly and should be withdrawn, and that several legal financial obligations (LFOs) were improperly imposed.[2]  In February 2019, this court affirmed Jones's convictions.[3]  We remanded for reconsideration of the community custody condition prohibiting Jones from having any contact with his biological children and "for the superior court to strike the DNA fee, criminal filing fee, and interest on nonrestitution LFOs."[4]  The mandate for this appeal issued March 29, 2019.[5]

Jones was resentenced on June 14, 2019.  At the outset of the hearing, Jones's counsel requested a continuance for time to complete a memorandum focused on the community custody condition.  The court denied the motion. Relevant here, the court modified the community custody condition to let Jones

---

[1] State v. Jones, No. 50398-1-II, slip op. at 3 (Wash. Ct. App.  Feb. 26, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/D2%2050398-1-II%20Unpublished%20Opinion.pdf.

[2] Id. at 1.

[3] Id.

[4] Id.

[5] Clerk's Papers (CP) at 56.

have supervised contact with his biological children and ordered the "$100.00 DNA and $200.00 Criminal Filing Fee . . . be stricken as well as all interest on non-restitution legal financial obligations."[6]

Jones appeals.

ANALYSIS

I.  Legal Financial Obligations

Jones argues the court erred by not striking several additional LFOs from his original sentence, specifically, the costs of community custody and any costs related to a collection action for LFOs, and by not including a provision in his judgment and sentence prohibiting the use of any potential income from Social Security to pay off LFO debt.  The State contends these issues are not properly raised and, pursuant to RAP 2.5, should not be considered.[7]

---

[6] CP at 84-85.  The court also modified a community custody condition prohibiting all contact with any minors to restrict Jones from having contact with any minors except for his biological children when supervised by the Department of Corrections.

[7] The State also argues RAP 5.3(a) deprives this court of jurisdiction to consider the appeal because Smith "only seeks review of an order which has not been designated in the notice of appeal."  Resp't's Br. at 6.  The State is mistaken. Jones properly designated the order modifying his sentence for review, and RCW 2.06.030 provides this court jurisdiction over an appeal from a nondeath-penalty criminal case in superior court.  But a party's failure to, for example, properly designate a reviewable decision or raise an issue can affect the scope of an appeal.  Clark County v. W. Wash. Growth Mgmt. Hearings Review Bd., 177 Wn.2d 136, 144-45, 298 P.3d 704 (2013).

"The general rule is that a defendant is prohibited from raising issues on a second appeal that were or could have been raised on the first appeal."[8]  Even if the issue is "critical," appellate courts "do not permit a party to ignore an issue on the first appeal only to raise the issue on remand."[9]  "[F]inality and reviewability are intrinsically bound. . . . Once an appellate decision is final, review as a matter of right is exhausted.'"[10]

RAP 2.5 contains exceptions to this rule.  The relevant subsection here is RAP 2.5(c)(1), which states an appellate court "may at the instance of a party review and determine the propriety of a decision of the trial court even though a similar decision was not disputed in an earlier review of the same case."  But "'[t]his rule does not revive automatically every issue or decision which was not raised in an earlier appeal.'"[11]  The exception in RAP 2.5(c)(1) applies "only if the trial court, on remand and in the exercise of its own independent judgment, considered and ruled again on that issue."[12]

---

[8] State v. Mandanas, 163 Wn. App. 712, 716, 262 P.3d 522 (2011) (citing State v. Suave, 100 Wn.2d 84, 87, 666 P.2d 894 (1983); State v. Jacobsen, 78 Wn.2d 491, 493, 477 P.2d 1 (1970)).

[9] State v. Fort, 190 Wn. App. 202, 228, 360 P.3d 820 (2015) (citing State v. Ramos, 163 Wn.2d 654, 663, 184 P.3d 1256 (2008)).

[10] State v. Kilgore, 167 Wn.2d 28, 36-38, 216 P.3d 393 (2009) (quoting State v. Hanson, 151 Wn.2d 783, 790, 91 P.3d 888 (2004)).

[11] State v. Gregory, 192 Wn.2d 1, 31, 427 P.3d 621 (2018) (quoting State v. Barberio, 121 Wn.2d 48, 50, 846 P.2d 519 (1993)).

[12] Id. (citing Barberio, 121 Wn.2d at 50).

Here, this court's 2019 opinion remanded with specific instructions to strike three particular LFOs, and the mandate issued that March.[13] On remand, the trial court struck only those three LFOs.[14] The parties agreed which LFOs would be stricken and did not discuss any others.[15] Jones did not challenge the LFOs he does now, and he did not raise the Social Security benefits issue. Jones agrees that during the resentencing hearing "[t]he parties never discussed the costs of community custody or the costs of collection."[16] The trial court did not consider the issues to which Jones now assigns error. Therefore, RAP 2.5(c)(1) does not apply. Because the alleged errors with LFOs and with Social Security income are no longer reviewable on direct appeal,[17] we decline to consider them.

II. Statement of Additional Grounds

Jones appears to argue the resentencing court's denial of a continuance prejudiced his right to present a defense.[18] A trial court has considerable

---

[13] Jones, slip op. at 1, 23.

[14] See Report of Proceedings (June 14, 2019) at 22.

[15] See id. (court noting, with defense counsel's agreement, that the LFOs were "stipulated to").

[16] Appellant's Br. at 7.

[17] See Hanson, 151 Wn.2d at 790 ("Once an appellate decision is final, review as a matter of right is exhausted."); cf. State v. Brown, 193 Wn.2d 280, 287, 440 P.3d 962 (2019) ("[W]hen a trial court does not exercise its discretion on remanded issues, those issues become final for purposes of reviewability."), cert. denied, 140 S. Ct. 546, 205 L. Ed. 2d 341 (2019).

[18] Statement of Add't'l Grounds (SAG) at 1, 8.

discretion whether to grant or deny a motion to continue.[19] To prove the court abused its discretion, the appellant must demonstrate prejudice from the denial.[20]

Jones argues he was prejudiced because the State's resentencing memorandum relied upon information that was not suppressed following a CrR 3.6 hearing held before he pleaded guilty.[21] But, in his first appeal, Jones did not assign error to the suppression decision.[22] After the mandate issued in March 2019, this unchallenged decision became final and unreviewable on direct appeal.[23] Because the only prejudice alleged is from an unreviewable final decision, granting the continuance could not have changed the outcome of resentencing. Jones fails to show the resentencing court abused its discretion.[24]

Jones contends he should be allowed to withdraw his 2017 guilty plea because it was not entered into knowingly or intelligently because he was not informed his right to parent his children could be affected by pleading guilty.[25]

---

[19] State v. Deskins, 180 Wn.2d 68, 82, 322 P.3d 780 (2014) (citing State v. Eller, 84 Wn.2d 90, 95, 524 P.2d 242 (1974)).

[20] State v. Davis, 3 Wn. App. 2d 763, 786, 418 P.3d 199 (2018) (citing Eller, 84 Wn.2d at 95).

[21] SAG at 8-9.

[22] See Jones, slip op. at 1 (listing Jones's alleged errors).

[23] See Kilgore, 167 Wn.2d at 36-38 (final appellate decisions become unreviewable on direct appeal) (quoting Hanson, 151 Wn.2d at 790).

[24] For similar reasons, we decline to review Jones's allegation that the prosecuting attorney committed misconduct when submitting his resentencing memorandum using the materials Jones wanted suppressed at the CrR 3.6 hearing. SAG at 2. Because the material was not suppressed and Jones failed to raise a timely challenge to that decision, the prosecutor was free to rely on it.

[25] SAG at 1, 3.

This argument is untimely. In his first appeal, Jones alleged he should be allowed to withdraw his plea because he was misinformed.[26] He also successfully argued the community custody conditions infringed on his right to parent.[27] Jones does not attempt to explain why the argument he makes in this second appeal was not available before nor why an exception applies to the usual rules on finality. Because Jones could have raised this issue in his first appeal and did not, he cannot raise it now.[28] We decline to review it.

Therefore, we affirm.

_____

WE CONCUR:

_____     _____

---

[26] Jones, slip op. at 13.

[27] Id. at 7.

[28] Fort, 190 Wn. App. at 228 (citing Ramos, 163 Wn.2d 663). A defendant can file a personal restraint petition if he wants to attempt a collateral attack on issues we decline to review. Id. at 234 (citing Suave, 100 Wn.2d at 87).