# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Respondent,<br><br>          v.<br><br>CECIL LARCEL MORTON, III,<br><br>                    Appellant. | No. 84243-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Cecil Morton, III, appeals a superior court order denying his second postconviction motion for deoxyribonucleic acid (DNA) testing based on a claim of innocence on a more probable than not basis under RCW 10.73.170. We affirm.

In 1994, the State charged Morton with participating in raping 17 year old J.H. multiple times along with five other coconspirators. The evidence at trial included testimony from two coconspirators that Morton had spoken of desiring to commit rape and had been the first to commit rape, according to one witness Morton used a condom during the rape. Morton testified that he joined the others in the woods where much of the crime occurred, he touched "only" J.H.'s breasts, he witnessed at least one of his coconspirators engage in sexual intercourse with J.H. in the woods and later in Morton's car, and he later went to and removed

property from J.H.'s apartment. Morton admitted that the sexual intercourse he witnessed in his car was not consensual. The jury convicted Morton on one count of first degree rape, two counts of accomplice to first degree rape, first degree robbery, and first degree burglary. The trial court imposed an exceptional sentence of 720 months in prison based on several aggravating factors. This court affirmed. State v. Morton, noted at 89 Wn. App. 1054, 1998 WL 109993, at *8.

In 2007, Morton filed a motion for postconviction DNA testing under RCW 10.73.170. The statute provides that a motion seeking new DNA testing must, among other things, "[e]xplain why DNA evidence is material to the identity of the perpetrator of, or accomplice to, the crime." RCW 10.73.170(2)(b). A court must grant a motion for new DNA testing if the convicted person shows "the likelihood that the DNA evidence would demonstrate innocence on a more probable than not basis." RCW 10.73.170(3). Washington decisions have explained that this requires more than a showing that new DNA testing would merely raise some doubt about the defendant's guilt, but rather requires a showing that new DNA testing would show innocence on a more probable than not basis. State v. Crumpton, 181 Wn.2d 252, 260, 332 P.3d 448 (2014); State v. Braa, 2 Wn. App. 2d 510, 521, 410 P.3d 1176 (2018).

Morton argued in his 2007 motion that certain evidence presented about DNA testing at his trial was not accurate. The State had put on testimony that DNA testing would not likely lead to useful information because multiple perpetrators had repeatedly raped the same person. In Morton's 2007 motion, he offered new expert testimony disputing that contention.

2

The trial court denied Morton's 2007 motion, and this court affirmed. State v. Morton, noted at 156 Wn. App. 1026, 2010 WL 2283493, at *4 (Morton II). We explained that, even assuming new DNA testing would be favorable to Morton— i.e., that Morton's DNA would not be found among any biological samples recovered from the crime scenes—such testing would still fail to establish Morton's innocence on a more probable than not basis. Id. at *3-4. This is because there was evidence that Morton used a condom, Morton admitted he was at the crime scene and others testified he was there, and two of the three rape counts on which Morton was convicted were for his acting as an accomplice to others. Id. The absence of Morton's DNA would not be inconsistent with his guilt for these acts, particularly given the overwhelming other evidence of guilt. Id. Because even favorable DNA testing would not support innocence on a more probable than not basis under RCW 10.73.170(3), Morton's appeal of the order denying new DNA testing was affirmed. Id. at *4.

In 2021, Morton filed a new motion for postconviction DNA testing. Morton's 2021 motion totals three pages, includes no new evidence, and makes no new factual arguments. The trial court denied the motion. Morton appeals.

The new motion at best improves on Morton's 2007 motion by arguing there may be new DNA testing techniques available now as compared to 2007. Otherwise Morton's 2021 motion fails to present any new argument, and consequently fails again to give any reason to believe that even favorable DNA testing would support innocence on a more probable than not basis under RCW 10.73.170(3) for the same reasons stated in Morton II. Morton's appointed counsel

argues that intervening case law clarifies that the court must assume that new DNA testing will yield favorable results when deciding a motion under RCW 10.73.170. But our opinion in <u>Morton</u> II made precisely that assumption. 2010 WL 2283493, at *3.

Collateral estoppel applies in a criminal case when (1) the issue decided in the prior adjudication is identical with the one presented in the second action; (2) the prior adjudication ended in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or in privity with the party to the prior adjudication; and (4) application of the doctrine does not work an injustice. <u>State v. Vasquez</u>, 148 Wn.2d 303, 308, 59 P.3d 648 (2002). The injustice element is rooted in procedural unfairness, and we look to whether the parties to the earlier proceeding received a full and fair hearing on the issue in question. <u>Id.</u> at 308-09.

That the second and third elements are met is apparent. As to the fourth, no injustice is evident where Morton reargues the same points that were previously litigated. The parties received a full and fair hearing in <u>Morton</u> II.

The key question is whether the issue to be decided now is identical with the one decided in <u>Morton</u> II. RCW 10.73.170(2)(a)(i)-(iii) contemplates that new testing may become appropriate as new circumstances come to light over time. A request for testing under the statute does not necessarily foreclose a future request. Here, however, Morton presents no new grounds for testing in his 2021 motion that were not argued in his 2007 motion. Had he done otherwise, collateral estoppel would not be appropriate. Since Morton's 2021 motion is substantively

identical with his 2007 motion, collateral estoppel applies, and Morton's motion is barred.

Morton presents several arguments in a statement of additional grounds all taking issue with proceedings at his 1994 trial. Such matters must be presented in a timely personal restraint petition and are outside the scope of this review. State v. Suave, 100 Wn.2d 84, 87, 666 P.2d 894 (1983). We do not reach them.

Affirmed.

_____
Birk, J.

WE CONCUR:

_____          _____
Chung, J.                                           Dwyer, J.