226 So.2d 238 (1969)
Henry LISTER, Mabrin Lister and Albert A. Miller, Jr., Petitioners,
v.
STATE of Florida, Respondent.
No. 2680.
District Court of Appeal of Florida. Fourth District.
August 22, 1969.
Rehearing Denied September 24, 1969.
J. Luther Drew, of Ives & Davis and Jordan Johnson, West Palm Beach, for petitioners.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for respondent.
REED, Judge.
This cause is before us on a petition for writ of certiorari pursuant to Rule 4.5(c), F.A.R., 32 F.S.A., to review a decision by the Circuit Court for Palm Beach County which affirmed a conviction of the petitioners in the Criminal Court of Record for Palm Beach County, Florida. Throughout this opinion we will refer to the petitioners as defendants because that is the status which they occupied in the trial court.
The defendants were charged by an information filed in the Criminal Court of Record with having committed an assault and battery on one Robert R. Spearman. They pled not guilty and were tried on 12 May 1965. The defendants, Henry Lister and Mabrin Lister, were found guilty as charged and Albert A. Miller was found guilty of simple assault.
A motion for a new trial was denied by the trial court. Following sentencing, the defendants appealed to the circuit court which affirmed the conviction. Following *239 the affirmance, the defendants filed in this court their petition for a writ of certiorari.
In a preliminary instruction to the jury, the trial court stated:
"As I previously explained to you * * every criminal in every criminal case a defendant is presumed to be innocent until the State has, by competent evidence, proven or shown his guilt to the exclusion of and beyond a reasonable doubt." (Emphasis added.)
In his final instruction to the jury, the trial judge added:
"One point I made in my Instructions, I said that  I emphasized you shouldn't have any sympathy or compassion either individually or collectively for the defendant in this case, nor should you have any sympathy or compassion for the victim of this case." (Emphasis added.)
The issues presented by the petition and the supporting brief are:
1. Was it error for the trial judge to have used the word "victim" in his final charge to the jury; and,
2. Was it error for the trial judge to have used the word "criminal" in his instruction relative to the presumption of innocence.
The law is well-settled that the trial judge is obliged to refrain from any comment in the presence of the jury that is capable of conveying to the jury any intimation of what view he takes of the case. The reason for this is that such a comment could influence the jury and thereby deprive the defendant of his right to trial by jury. Seward v. State, Fla. 1952, 59 So.2d 529; Raulerson v. State, Fla. 1958, 102 So.2d 281, 285. In applying the rule of the Seward and Raulerson cases, the comments by the trial judge to which objection is here made should not be considered solely in isolation, but also should be considered in their context.
The first words to which exception is taken appear in one of the early paragraphs of the trial judge's charge to the jury. The charge reads:
"As I previously explained to you * * every criminal in every criminal case a defendant is presumed to be innocent until the State has, by competent evidence, proven or shown his guilt to the exclusion of and beyond a reasonable doubt." (Emphasis added.)
It does not appear from a reading of the instruction that it was intended to or in fact did designate the defendants as criminals. The context in which the objectionable words appear refers not to the particular defendants on trial, but to all defendants in criminal cases in general, and the paragraph is designed to express certain general principles applying in all such cases. It is perfectly obvious from reading this comment that the trial judge simply made an omission of the word "in" as he began his instruction and immediately corrected it.
With respect to the use of the word "victim" in the instruction dealing with sympathy, we find it impossible to see how this could be taken by the jury as an indication that the trial judge felt the defendants were guilty and their defense of self-defense insufficient. A victim is defined as someone injured under any of various conditions. Webster's Seventh New Collegiate Dictionary, 1967. The defendants did not accompany their petition for the writ of certiorari with any testimony from the trial but, allowing the jury verdict a presumption of correctness, we assume that Robert R. Spearman was the recipient of some type of injury and, therefore, accurately described as a victim. In any event, when the word is taken in context with the entire charge to the jury, it does not appear to suggest the trial judge's view of the case.
The circuit court in its appellate capacity must have concluded that the words used by the trial judge did not have the capacity for conveying to the jury any intimation of *240 his views. On the basis of the foregoing, it is our conclusion that the circuit court did not deviate from any essential requirement of law and correctly affirmed the conviction. The petition for certiorari is, therefore, denied.
DRIVER, B.J., Associate Judge, concurs.
CROSS, C.J., concurs in conclusion.