WALDEN, Judge.
■ Defendant was convicted of resisting arrest with violence. He appeals the judgment and argues that certain comments made by the trial judge in front of the panel from which his jury came warranted the granting of his motion for mistrial. We reject the argument and affirm.
The comments objected to by defendant were made to another jury in the presence of the defendant’s jury panel undergoing voir dire. They were as follows:
“THE COURT: Now, the rules prohibit me from commenting favorably or unfavorably upon your verdict. That is, of course, your business. I will say that of course Mr. Bailey was represented by the Public Defender’s Office and some people occasionally say that the poor, indigent defendant who is represented by an appointed lawyer doesn’t get a good representation.
“I can only say that based upon the evidence that I heard, if Mr. Zeidel tells me that he can walk on water, I’m going to believe it. The evidence seems to be overwhelming. The jury found him not guilty.
“Okay, thank you very much.”
These comments are not such as to have prejudiced the jury to the extent that a mistrial should have been granted by law. Lister v. State, 226 So.2d 238 (4th D.C.A. Fla. 1969); Watson v. State, 190 So.2d 161 (Fla. 1966). The granting of a mistrial is discretionary, Garcia v. State, 142 So.2d 318 (2d D.C.A.Fla.1962), and the trial judge did not abuse his discretion here.
Appellant’s remaining point is without merit.
Affirmed.
MAGER and DOWNEY, JJ., concur.