[No. 8862–9–I.  Division One.  February 8, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. WADE LEE ALGER, *Defendant,* DAVID LAWRENCE COLLOP, *Appellant.*

*Janet Ainsworth* and *Robert Boruchowitz* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Deanna Fuller, Deputy,* for respondent.

246

ANDERSEN, C.J.—

## FACTS OF CASE

The defendant, David Lawrence Collop, appeals his jury conviction of statutory rape in the second degree.

On November 30, 1979, while temporarily living at the Wade Alger residence, the defendant and Alger supplied beer to a 13-year-old girl. Then, as the jury found, they had sexual relations with her. The next day the police were notified and informed about the incident. They were also told that the sexual relations occurred on a sleeping bag and that the girl was in her menstrual cycle at the time.

Later that day, while on routine patrol, police officers observed Alger's car parked by his residence. They went to the residence and knocked on the front door. Alger opened the door and invited the police in. The defendant, David Collop, was in the house seated on a couch. After Alger and the defendant identified themselves, they were placed under arrest. Subsequent to arrest, the officers seized a sleeping bag and sheets which were near the front door and clearly visible, and a used tampon which was under the sleeping bag.

Alger and the defendant, Collop, were tried together. Prior to trial, the defendant moved to exclude certain statements he had made to the police as well as the physical evidence seized at the Alger home. The court denied the motions.

This appeal presents four issues.

## ISSUES

ISSUE ONE. At the pretrial hearing, did the trial court err in finding statements made by the defendant to the police after his arrest to be admissible?

ISSUE TWO. Was the warrantless arrest of the defendant in his temporary residence lawful?

ISSUE THREE. Was the police seizure of the physical evidence without a warrant lawful?

ISSUE FOUR. Did the court's reference to the prosecuting witness as "the victim" constitute a constitutionally pro-

hibited comment on the evidence?

## DECISION

ISSUE ONE.

CONCLUSION. Since the defendant's oral statement used by the State in its case in chief was not made in response to custodial interrogation, no error was committed by admitting it.

■ At trial, the only reference in the State's case to the .defendant's statements was to the effect that he answered to the name "Dave" after the police officers entered the Alger residence before arresting the men. Because this was not in response to custodial interrogation, the requirement that a defendant be advised of his constitutional rights before being questioned is not material. *State v. Harris,* 14 Wn. App. 414, 421–22, 542 P.2d 122 (1975).

■ Since the State did not use any of the defendant's other statements in its case in chief, we do not reach the issue of whether the trial court erred by not suppressing any other statements made by the defendant. *State v. Strand,* 20 Wn. App. 768, 774, 582 P.2d 874 (1978).

ISSUE TWO.

CONCLUSION. Defendant's warrantless arrest in the Alger residence was proper under the law as it existed at the time of arrest and we will not now declare it illegal.

As recently held in *State v. Counts,* 27 Wn. App. 773, 620 P.2d 1013 (1980), we will not retroactively apply the holding of the United States Supreme Court in *Payton v. New York,* 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371 (1980). Prior to *Payton,* the warrantless arrest of a felon in a private home was proper if based on probable cause. *State v. Favro,* 5 Wn. App. 311, 315, 487 P.2d 261 (1971), *cert. denied,* 405 U.S. 1040, 31 L. Ed. 2d 580, 92 S. Ct. 1309 (1972). Defendant's challenge to the validity of the arrest on the basis of *Payton* is, therefore, not well taken.

■ In any event, the officers were invited in by the homeowner. Being acquainted with the details of the crime, as they were, once the officers were inside, they had prob-

able cause to arrest the defendant when he identified himself. Such an arrest, premised on consensual entry into a private home, is valid even under *Payton. See Payton v. New York*, 445 U.S. at 583; *State v. Turner*, 29 Wn. App. 282, 288, 627 P.2d 1324 (1981).

ISSUE THREE.

CONCLUSION. The seizure of physical evidence at the Alger residence was lawful because it was in plain view of the officers after they entered.

■ After the officers had been invited into the residence, the evidence of the rape was seen by them in plain view in the house and it was obvious to them, from their knowledge of the crime, that it was evidence in the case. Consequently, the officers' seizure of such evidence without a search warrant was proper. *State v. Lair*, 95 Wn.2d 706, 714–20, 630 P.2d 427 (1981); *State v. Daugherty*, 94 Wn.2d 263, 267–68, 616 P.2d 649 (1980), *cert. denied*, 450 U.S. 958, 67 L. Ed. 2d 382, 101 S. Ct. 1417 (1981). Seizure of other evidence revealed to the officers when the evidence first seen was seized and picked up was likewise proper.

ISSUE FOUR.

CONCLUSION. The trial court's single reference to the prosecuting witness as "the victim" bordered on invited error, and in any event was harmless when viewed in the context of the entire trial.

Before the jury was brought in for one of the sessions of court, a stipulation was entered into between attorneys concerning the age and marital status of codefendant Alger. Apparently the stipulation was in writing. The deputy prosecutor advised the trial court that they wanted the stipulation to be read to the jury by the court.

Defendant's experienced trial attorney was present and voiced no objection, but rather addressed another matter. Immediately thereafter, the jury returned and the following transpired:

THE COURT: Good morning, ladies and gentlemen. Please be seated.

There has been a stipulation, that is an agreement

between the State, the Plaintiff, and Mr. Alger and his lawyer, that Mr. Alger's age is 36, and, that he has never been married to the victim, . . .

Miss Fuller?

Ms. Fuller: Your Honor, the State recalls [the prosecuting witness] to the stand.

The trial then proceeded through several witnesses before defense counsel ultimately moved for a mistrial.

■ If this was not invited error by defense counsel, then it was very close to it. Even where constitutional rights are involved, invited error precludes appellate review. *State v. Lewis,* 15 Wn. App. 172, 176–77, 548 P.2d 587 (1976).

In any event, when placed in the context of the entire trial, the single reference by the trial judge to "victim" is harmless error beyond a reasonable doubt. The fact that defendant's counsel said nothing when the stipulation of the codefendant's counsel and deputy prosecutor was stated, did not object when the trial court read it to the jury and then waited through the testimony of several witnesses before mentioning it strongly suggests that the comment was insignificant. Further, when the trial court promptly offered to give a curative instruction to the jury, defense counsel declined the invitation. The court in its written instructions to the jury did, however, directly admonish the jury that it was to disregard any comment by the court.

■ "The determination of a prohibited comment depends upon the facts and circumstances of each case." *State v. Painter,* 27 Wn. App. 708, 714, 620 P.2d 1001 (1980). In the context of a criminal trial, the trial court's use of the term "victim" has ordinarily been held not to convey to the jury the court's personal opinion of the case. *See Lister v. State,* 226 So. 2d 238, 239 (Fla. Dist. Ct. App. 1969). Although neither encouraged nor recommended, we conclude that the one reference to "the victim" by the trial judge, did not, under the facts and circumstances of this case, prejudice the defendant's right to a fair trial by constituting an impermissible comment on the evidence.

250

Affirmed.

WILLIAMS and CALLOW, JJ., concur.

Reconsideration denied March 11, 1982.

Review denied by Supreme Court May 21, 1982.