Gonzalez, J.
*367 ¶1 David Morgan was convicted by a jury of first degree assault, attempted murder, and arson. A bloodstain pattern analysis performed on his clothing suggested he was in close proximity to the victim when she suffered her injuries. We must decide if the warrantless seizure of his clothing, which officers reasonably concluded contained evidence, was justified by an exception to the warrant requirement.
¶2 Based on our inconsistent articulation of the plain view doctrine, the Court of Appeals found that the State was required to establish inadvertence as a separate element and reversed Morgan's convictions. We hold inadvertence is not a separate element required under the plain view doctrine, reinstate Morgan's convictions, and remand to the Court of Appeals for further proceedings in that court.
FACTS
¶3 Morgan and his ex-wife, Brenda,[1] shared custody of their daughter. About the time Brenda came to pick up *368 their daughter from Morgan's house, Morgan's house was in flames. Firefighters found Morgan kneeling in his driveway, hair singed and barely able to speak. A firefighter repeatedly asked Morgan if anyone was in the burning house. *138 After a period of silence, Morgan directed firefighters to the garage, where Brenda was lying in a pool of blood. Brenda was nonresponsive and badly injured, with multiple lacerations on her head, fractures, and severe burns on her upper body. Morgan and Brenda's clothing smelled of gasoline. Medics transported them to separate hospitals, observing blood on Morgan's clothing.
¶4 A supervising officer promptly told Officer Christopher Breault to "collect Morgan's clothing [from the hospital] and try to get an initial statement." Clerk's Papers (CP) at 208. A crime scene technician was also dispatched to collect Brenda's clothing.
¶5 Officer Breault spoke with Morgan in his hospital room for hours. Morgan disclosed that his daughter was safe at Morgan's mother's home during the fire. Morgan said he woke up to find his house on fire. He said he then found Brenda in his house with her sweater burning and tried to help her remove it. At some point during their conversation, Officer Breault noticed that hospital staff had put Morgan's clothing in "several plastic shopping like bags" and left his clothing on the counter in Morgan's hospital room. 1 Verbatim Report of Proceedings (Feb. 4, 2016) at 151, 154-55. The officer later testified that it "was almost like [the clothing was] in like some sort of gift bag; it looked like it had a hospital logo on it. And they were just regular plastic bags that you could get at a store." Id. at 158. When the crime scene technician arrived with arson bags designed to preserve evidence, he and Officer Breault secured Morgan's clothing. Officer Breault also secured a utility knife with dried blood on the handle from a counter near the clothing. Hospital staff told Officer Breault they found the knife in Morgan's clothing.
¶6 Morgan was charged with attempted first degree murder, first degree arson, and first degree assault. He *369 unsuccessfully moved to suppress the seized clothing.[2] The trial court rejected the State's plain view argument because Officer Breault did not find it inadvertently and he could not examine the clothing without removing it from the plastic hospital bags. Nonetheless, the trial court found that the removal of Morgan's clothing was justified by exigent circumstances because "there are special bags that have been designed and are available to put clothing and other items into so as to preserve that particular evidence." Id. at 182.
¶7 The Court of Appeals found the State had not met its burden of establishing exigent circumstances because it had not shown applying for a warrant would have resulted in a loss of evidence. It also rejected the State's claim that the plain view doctrine applied because Officer Breault did not smell gasoline or see blood through the plastic hospital bags or come across it inadvertently. The State sought, and we granted, review. State v. Morgan, 191 Wash.2d 1026, 428 P.3d 1170 (2018).
ANALYSIS
¶8 We are faced with a warrantless seizure of clothing associated with criminal activity. Under the robust privacy protections of our constitution, any state intrusion into private affairs must be done under "authority of law." WASH. CONST. art. I, § 7. "Authority of law" generally means a warrant or a well-established exception to the warrant requirement. State v. Ladson, 138 Wash.2d 343, 350, 979 P.2d 833 (1999) (citing City of Seattle v. McCready, 123 Wash.2d 260, 273, 868 P.2d 134 (1994) ). The plain view doctrine and exigent circumstances are well-established exceptions. We hold the State failed to establish that exigent circumstances *370 justified the intrusion, but it did justify the intrusion under the plain view doctrine.
¶9 We agree with the Court of Appeals' conclusion that the State did not meet its burden to show that exigent circumstances existed when Officer Breault seized Morgan's clothing. The State "must establish the exception to the warrant requirement by clear and convincing evidence." State v. Garvin, 166 Wash.2d 242, 250, 207 P.3d 1266 (2009) (citing State v. Smith, 115 Wash.2d 775, 789, 801 P.2d 975 (1990) ). Critically, the *139 exigent circumstance "exception requires a compelling need for officer action and circumstances that make the time necessary to secure a warrant impractical." State v. Baird, 187 Wash.2d 210, 221, 386 P.3d 239 (2016) (plurality opinion) (citing Missouri v. McNeely, 569 U.S. 141, 149-50, 133 S. Ct. 1552, 185 L.Ed.2d 696 (2013) ). While the State had a legitimate concern that trace evidence on Morgan's clothing could be contaminated by Morgan or hospital staff, the officers exhibited no urgency in collecting the clothing, which sat undisturbed on the counter for hours, including when Morgan was alone with hospital staff.
¶10 We disagree, however, with the Court of Appeals' application of the plain view doctrine. We have been inconsistent in articulating the elements the State must establish to justify a warrantless intrusion under the plain view doctrine. We have said the plain view doctrine applies "when the police (1) have a valid justification to be in an otherwise protected area and (2) are immediately able to realize the evidence they see is associated with criminal activity." State v. Hatchie, 161 Wash.2d 390, 395, 166 P.3d 698 (2007) (citing State v. Myers, 117 Wash.2d 332, 346, 815 P.2d 761 (1991) ). But in some cases, we have also articulated a third element, inadvertence. See, e.g., State v. Kull, 155 Wash.2d 80, 85 & n.4, 118 P.3d 307 (2005).[3]
*371 ¶11 We take this opportunity to clarify the law. Properly understood, there is no separate inadvertence requirement in the plain view doctrine. Officers are not restricted to seizing evidence solely when they come across the evidence unintentionally and inadvertently. As the United States Supreme Court held, "[I]nadvertence is a characteristic of most legitimate 'plain-view' seizures" but "it is not a necessary condition." Horton v. California, 496 U.S. 128, 130, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990).
¶12 Officers are "entitled to keep [their] senses open to the possibility of contraband, weapons, or evidence of a crime." State v. Lair, 95 Wash.2d 706, 719, 630 P.2d 427 (1981).[4] There is, however, an article I, section 7 requirement that a seizure not be based on pretext. See, e.g., State v. Montague, 73 Wash.2d 381, 385, 438 P.2d 571 (1968). "Put simply, the law does not vest in police the discretion to seize first and decipher a piece of evidence's incriminating nature later." Katie Farden, Recording a New Frontier in Evidence-Gathering: Police Body-Worn Cameras and Privacy Doctrines in Washington State, 40 SEATTLE U. L. REV. 271, 284-85 (2016). Thus, a plain view seizure is legal when the police (1) have a valid justification to be in an otherwise protected area, provided that they are not there on a pretext, and (2) are immediately able to realize the evidence they see is associated with criminal activity.
¶13 Here, Morgan challenged the seizure of his clothing. Morgan does not dispute that "the officers had a lawful reason to be in the hospital room." CP at 306-07. The State need show only that it was immediately apparent that the clothing was associated with criminal activity, which it aptly does.
*372 ¶14 Objects are immediately apparent under the plain view doctrine "when, considering the surrounding circumstances, the police can reasonably conclude" that the subject evidence is associated with a crime. State v. Hudson, 124 Wash.2d 107, 118, 874 P.2d 160 (1994) (citing Lair, 95 Wash.2d at 716, 630 P.2d 427 ). Certainty is not necessary.[5]
*140 ¶15 Morgan's clothing was expected to be in the hospital room and was detectable in the plastic hospital bags on the counter. Officer Breault's supervising officer, having become aware of the evidentiary value of Morgan's clothing-including that it smelled like gasoline-instructed Officer Breault to collect it. Without examining the clothing, Officer Breault reasonably concluded that Morgan's clothing would have evidentiary value given the conversation he had had with Morgan and observations he made during that time, including a knife with dried blood on the handle.
¶16 In light of the fire, Brenda and Morgan's respective injuries, the supervising officer's knowledge, and observations by Officer Breault and others, there were more surrounding circumstances than necessary. Officer Breault did not have to manipulate the bags to know what they contained.[6] He reasonably concluded that the clothing contained evidence associated with suspected criminal activity. Nothing in this record suggests any ambiguity; it is clear from context that the plastic hospital bags contained the clothing hospital staff removed in treating Morgan. Thus, the State met its burden to show that Officer Breault *373 lawfully seized Morgan's clothing under the plain view doctrine.
CONCLUSION
¶17 While exigent circumstances did not exist, the plain view doctrine permitted the seizure of Morgan's clothing. We reverse and remand to the Court of Appeals for further proceedings in that court.
WE CONCUR:
Fairhurst, C.J.
Johnson, J.
Owens, J.
Stephens, J.
Wiggins, J.
Yu, J.

We use only her first name to avoid subjecting her to unwanted publicity. No disrespect is intended.

The record contains no written findings or conclusions for the CrR 3.6 hearing, but the trial court's oral findings adequately present the issues for appellate review. The trial court's written CrR 3.5 findings concern some of Officer Breault's observations.

"The requirements for plain view are (1) a prior justification for intrusion, (2) inadvertent discovery of incriminating evidence, and (3) immediate knowledge by the officer that [they] had evidence before [them]." Kull, 155 Wash.2d at 85, 118 P.3d 307 (citing State v. Chrisman, 94 Wash.2d 711, 715, 619 P.2d 971 (1980), rev'd, 455 U.S. 1, 102 S. Ct. 812, 70 L.Ed.2d 778 (1982) ). The intrusion is often the detention of a person or entry into a place, not the seizure of the evidence itself.

The fact that the evidence in plain view is not contraband is of no relevance. See, e.g., State v. Weller, 185 Wash. App. 913, 926, 344 P.3d 695 (2015) (seizing a board associated with an assault); State v. Alger, 31 Wash. App. 244, 248, 640 P.2d 44 (1982) (seizing a sleeping bag associated with a rape).

As the United States Supreme Court has noted, "[T]he use of the phrase 'immediately apparent' was very likely an unhappy choice of words, since it can be taken to imply that an unduly high degree of certainty as to the incriminatory character of evidence is necessary for application of the 'plain view' doctrine." Texas v. Brown, 460 U.S. 730, 741, 103 S. Ct. 1535, 75 L.Ed.2d 502 (1983).

Conversely, an officer's suspicion that an expensive stereo in a rundown house was stolen would not allow the officer to manipulate it. Arizona v. Hicks, 480 U.S. 321, 326-27, 107 S. Ct. 1149, 94 L.Ed.2d 347 (1987) ; accord State v. Murray, 84 Wash.2d 527, 536, 527 P.2d 1303 (1974). This case is different because Officer Breault could reasonably conclude the clothing was associated with a crime without having to see blood or smell gasoline on the clothing through the plastic hospital bags.