FILED
8/8/2022
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint Petition of: | ) ) ) | No. 83251-4-I |
| | ) | DIVISION ONE |
| DAVID ZACHERY MORGAN, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) ) ) | |

HAZELRIGG, J. — David Z. Morgan brings a personal restraint petition seeking relief from his underlying conviction based on claims of prosecutorial misconduct and ineffective assistance of counsel. Because he fails to demonstrate any constitutional error resulting in prejudice, we deny his petition.

FACTS

After a jury trial, David Morgan was convicted of attempted murder in the first degree and arson in the first degree, both with domestic violence aggravators.[1] In his direct appeal to this court, he raised challenges based on prosecutorial misconduct, double jeopardy, unlawful seizure, violation of Miranda[2] rights, and instructional error. State v. Morgan (Morgan I), noted at 3 Wn. App. 2d 1063, 2018 WL 2418483, overruled by State v. Morgan (Morgan II), 193 Wn.2d 365, 440 P.3d

---

[1] Because the underlying facts of the case are laid out in three appellate opinions, we repeat only the facts necessary to our analysis of Morgan's petition here.

[2] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

136 (2019). In that unpublished opinion, we reversed based on the denial of a suppression motion. Morgan I at *15. Our state Supreme Court granted review and reversed this court's decision before remanding for consideration of other issues raised. See Morgan II, 193 Wn.2d at 367. On remand, we considered issues of jury unanimity and prosecutorial misconduct in closing before affirming Morgan's conviction. State v. Morgan (Morgan III), No. 75072-1-I, slip op. at 3, 5, 11 (Wash. Ct. App. March 9, 2020) (unpublished), https://www.courts.wa.gov /opinions/pdf/750721.pdf. Morgan then timely filed this personal restraint petition, arguing his underlying convictions are unconstitutional based on prosecutorial misconduct in closing argument and ineffective assistance of counsel.

## ANALYSIS

A personal restraint petition allows an individual to seek relief from unlawful restraint, including by collaterally attacking their underlying criminal conviction. In re Pers. Restraint of Monschke, 160 Wn. App. 479, 488, 251 P.3d 884 (2010). This court has three options when reviewing a personal restraint petition: (1) dismiss the petition, (2) grant the petition, or (3) remand for a reference hearing. Id. at 489 (quoting In re Pers. Restraint of Hews, 99 Wn.2d 80, 88, 660 P.2d 263 (1983)). A petition must allege a constitutional error resulting in prejudice or any other error that "'constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" In re Pers. Restraint of Rice, 118 Wn.2d 876, 884, 828 P.2d 1086 (1992) (quoting In re Pers. Restraint of Cook, 114 Wn.2d 802, 813, 792 P.2d 506 (1990)).

I.      Prosecutorial Misconduct

First, Morgan argues he was deprived of a fair trial due to prosecutorial misconduct.  The State urges us to decline to reach the merits of this issue as Morgan raised a prosecutorial misconduct[3] challenge in his direct appeal. Generally, a petitioner may not "'renew[] an issue that was raised and rejected on direct appeal unless the interests of justice require relitigation of that issue.'"  In re Pers. Restraint of Yates, 177 Wn.2d 1, 17, 296 P.3d 872 (2013) (footnotes omitted) (quoting In re Pers. Restraint of Davis, 152 Wn.2d 647, 671, 101 P.3d 1 (2004)). Morgan contends this is a separate challenge based on different grounds rather than a request to re-litigate a prior issue.  In his direct appeal, Morgan argued (1) the prosecutor's comments about defense counsel's failure to attend interviews as impugning defense counsel, and (2) the prosecutor's comments that Morgan's theory did not explain key facts improperly shifted the burden.  See Morgan I, slip op. at 4–6.  In his petition, Morgan challenges the prosecutor's comments that

---

[3] In its response brief, the State complains about the use of "prosecutorial misconduct" rather than "prosecutorial error," contending the term is a "misnomer" and "implies an ethical violation." First, we note the State raises no such complaint regarding the phrase "ineffective assistance of counsel" used in the context of reviewing the performance of defense attorneys despite the fact that the phrase arguably carries similar unflattering implications for that particular set of practitioners.  Second, our state Supreme Court has made it clear that courts should continue to use "prosecutorial misconduct" as a term of art. In re Pers. Restraint of Phelps, 190 Wn.2d 155, 165 n.3, 410 P.3d 1142 (2018).

While prosecutorial misconduct may be a misnomer in some instances (See State v. Fisher, 165 Wn.2d 727, 740 n.1, 202 P.3d 937 (2009)), it also accurately reflects the seriousness of errors made by attorneys representing the State. Prosecutors are representatives "of the people in a quasijudicial capacity in a search for justice," and "owe[] a duty to defendants to see that their rights to a constitutionally fair trial are not violated." State v. Monday, 171 Wn.2d 667, 676, 257 P.3d 551 (2011).

In urging us to ignore the directive of our Supreme Court regarding the legally proper terminology, the State notes that the court abandoned "the pejorative term 'meretricious relationship' and substitute[d] 'committed intimate relationship.'" We are unmoved by this argument and employ the phrasing which is consistent with Washington jurisprudence.

- 3 -

presented a false choice to the jury by characterizing Morgan's theory as "preposterous."

Morgan primarily relies on a recent Division II case, which considered an allegation of prosecutorial misconduct raised in a personal restraint petition, despite the fact that the petitioner had raised several prosecutorial misconduct claims in his first two appeals, because the petitioner offered a unique legal basis for the challenge in his petition. However, the petitioner in In re Pers. Restraint of Gregory raised prosecutorial misconduct on a different basis in his petition than had been addressed in his direct appeal. No. 53849-1-II (Wash. Ct. App. June 15, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2053849-1-II%20Unpublished%20Opinion.pdf.

Morgan raises prosecutorial misconduct in closing argument on the same basis as presented in his direct appeal, improper burden shifting, merely focusing on different words. His position that, like Gregory, he has demonstrated a distinct basis for this challenge is undercut by the fact that this court reviews allegedly improper remarks by the State "in the context of the total argument." State v. Brown, 132 Wn.2d 529, 561, 940 P.2d 546 (1997). In applying the proper review under the case law in Morgan's direct appeal, we considered the comments he identified as improper burden shifting in the context of the State's closing argument as a whole. This review necessarily included the precise statements Morgan now presents, again as improper burden shifting, in his petition. This is markedly distinct from the facts of Gregory and Morgan has failed to persuade us that he

has presented a different ground to support his prosecutorial misconduct claim. See Gregory, No. 53849-1-I, slip op. at 24.

Morgan also argues his prosecutorial misconduct claim is timely because he relies on State v. Loughbom, which was decided after his direct appeal. See 196 Wn.2d 64, 470 P.3d 499 (2020). However, Morgan relies on Loughbom only to argue the repetition of an error may make it flagrant and ill-intentioned. Loughbom explicitly states "we have previously recognized that '[r]epetitive misconduct can have a cumulative effect.'" Id. at 77 (internal quotation marks omitted) (quoting State v. Allen, 182 Wn.2d 364, 376, 341 P.3d 268 (2015)). Morgan's argument that he "was not able to raise his points about the prosecution's flagrant and ill-intentioned misconduct with case law support on direct appeal because Loughbom had not yet been decided" is simply inaccurate. Loughbom makes clear by expressly relying on prior precedent that Washington case law has long held repetitive conduct by the State impacts our consideration of prosecutorial misconduct claims. The case law relied upon in Loughbom for this proposition was available both when this court decided the prosecutorial misconduct claims and when his briefing was submitted in Morgan's direct appeal. Because Morgan merely attempts to renew an issue that was addressed on the merits in a direct appeal, we decline to reach it.

II.     Ineffective Assistance of Counsel

Next, Morgan requests reversal of his conviction or, alternatively, remand for a reference hearing, based on ineffective assistance of counsel. He specifically argues defense counsel failed to investigate and present evidence of diminished

capacity as a defense at trial and as mitigation at sentencing. To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate both deficient performance and resulting prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Effective assistance encompasses the duty to investigate a case, including by interviewing witnesses. State v. Jones, 183 Wn.2d 327, 339, 352 P.3d 776 (2015). While this court generally defers to a counsel's decisions, "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland, 466 U.S. at 690–91. Under the "failure to investigate theory," a petitioner must demonstrate "a reasonable likelihood that the investigation would have produced useful information not already known to defendant's trial counsel." Davis, 152 Wn.2d at 739 (internal quotation marks omitted).

"To establish a prima facie showing required for a reference hearing, a petitioner must offer 'the facts underlying the claim of unlawful restraint and the evidence available to support the factual allegations.'" Yates, 177 Wn.2d at 18 (quoting Rice, 118 Wn.2d at 885–86). If the petitioner relies on evidence outside the record, they "'must demonstrate that [they] ha[ve] competent, admissible evidence to establish the facts that entitle [them] to relief.'" Id. The factual basis must be "more than speculation, conjecture, or inadmissible hearsay." Rice, 118 Wn.2d at 886. This is because "the purpose of a reference hearing is to resolve genuine factual disputes, not to determine whether the petitioner actually has evidence to support [their] allegations." Id.

Here, the entirety of Morgan's ineffective assistance claim rests only on his own declaration, stating he hit his head during a workplace accident in 1996. He also contends he suffered another head injury in 2014, when he was hit in the head with a blunt object, which "severely impaired [his] memory," causing him difficulty with short and long-term memory, balance, and "basic cognitive tasks." Morgan further asserts he discussed the second head injury with his attorneys, but they did not request any sort of psychological or physical exam. However, he does not include any information about what precisely he conveyed to his attorneys about the injuries, identify any evidence as to his claim that they failed to investigate based on this information, describe what information an investigation would have provided, or submit any medical records about his 1996 or 2014 injuries. Morgan fails to meet his burden of "competent, admissible evidence to establish the facts that entitle him to relief." Id.

Denied.

WE CONCUR:

_____
Birk, J.

_____
Chung, J.