**FILED**
**DECEMBER 5, 2024**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No.  39534-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ALEJANDRO SAMANO LANDA, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — A jury convicted Alejandro Samano Landa of two

counts of first degree child molestation with a domestic violence aggravator.  The

aggravator required that the State prove beyond a reasonable doubt that (1) the victim and

Mr. Landa were family or household members, and (2) the offense was part of an

ongoing pattern of sexual abuse manifested by multiple incidents over a prolonged period

of time.

Mr. Landa raises several arguments, including that the State failed to present

sufficient evidence to prove the second part of the aggravator beyond a reasonable doubt.

We agree.  The only nonspeculative evidence the State presented to satisfy the

"prolonged period of time" requirement was from the victim, who testified she did not

know how much time there was between the first and last incidents of abuse.

We affirm Mr. Landa's convictions, but remand for the trial court to resentence him within the standard range.

FACTS

During their childhood, I.R. and her sister occasionally stayed with their maternal grandmother and step-grandfather, Alejandro Samano Landa, during the summer, while their mother was working.

In September 2020, I.R., then 17 years old, told her mother that Mr. Landa touched her inappropriately on multiple occasions during the summer of 2011, when I.R. was between her second and third grade years. I.R.'s mother reported the disclosures to law enforcement, and law enforcement investigated.

*Procedure*

The State charged Mr. Landa with three counts of child molestation in the first degree occurring "[o]n, about, during or between March 1, 2011 and October 31, 2011." Clerk's Papers (CP) at 6-7. On each count, the State also charged Mr. Landa with the domestic violence aggravating factor of an ongoing pattern of sexual abuse manifested by multiple incidents over a prolonged period of time.

The case proceeded to a jury trial. Because Mr. Landa speaks Spanish, he testified with the assistance of an interpreter. During trial, the court, counsel for both parties, and the witnesses referred to I.R. by her full name or nickname.

2

No. 39534-1-III
*State v. Landa*

*The State's case*

I.R.'s mother testified that because of her work schedule, I.R. and I.R.'s sister would sometimes stay with their grandmother and Mr. Landa during summers and weekends. She explained:

> [I.R.'s mother:] They would go to the summer because I would always be at work. . . .
> [The Prosecutor:] So would they just stay for the whole week or like weeks combined?
> [I.R.'s mother:] Like a week and a half or so. It was not the whole summer that they would stay there.

1 Rep. of Proc. (Dec. 22, 2022) (RP) at 313. During cross-examination, I.R.'s mother further explained:

> [Defense Counsel:] . . . So they'd spend one to two weeks at a time during summers, your daughters would, with their grandparents?
> [I.R.'s mother:] Yes.
> [Defense Counsel:] Now, was it only one [one-] to two-week period or would they spend a couple or several?
> [I.R.'s mother:] It would be sporadically.
> [Defense Counsel:] They'd do it more than once every summer?
> [I.R.'s mother:] It used to be, yes.

RP at 321.

I.R. testified that Mr. Landa molested her on four separate occasions during the summer, when she was seven or eight years old. I.R. testified that Mr. Landa: (1) forced her to touch his erect penis while she sat on the couch in exchange for a toy tiara, (2) forced her to touch his erect penis through his pants while he sat in the driver's seat of

3

a parked car, (3) touched her chest and nipples under her clothing while she slept on the floor next to him, and (4) touched her vagina over and under her clothing, and tried to insert his finger into her vagina, while she slept on the floor next to him.

I.R. also testified about how often she stayed at her grandparents' house during the summer in question:

> [The Prosecutor:] And so how many nights do you think you spent when you were seven or eight on the living room floor at your grandparents?
> [I.R.:] I don't have an exact time. But it was most of the summer.
> [The Prosecutor:] So you spent most of the summer there?
> [I.R.:] Yes.

RP at 366-67.

During cross-examination, when asked how long she spent at her grandparents' house, I.R. said, "I don't have estimated days, but they were during the summer." RP at 403. I.R. recalled that the incidents occurred during the summer between school years, "sometime between May and/or June or August and September." RP at 406. As cross-examination continued, the following exchange occurred:

> [Defense Counsel:] Okay. All right. How much time elapsed from the first incident to the fourth incident?
> [I.R.:] *I don't recall.*
> [Defense Counsel:] Well, was it—do you have—can you estimate was it a week, two weeks, a month?
> [I.R.:] *I can't. I do not remember.*

RP at 409 (emphasis added).

*Jury instructions and verdict*

The court's to-convict instructions for each of the three counts referred to I.R. by her initials. When the prosecutor proposed these instructions, defense counsel did not object to them. When the court read the jury instructions aloud to the jury, it referred to I.R. by her initials and not by her full name. Again, defense counsel did not object.

The court also instructed the jury that, if it found Mr. Landa guilty of child molestation as charged in any of the three counts, it needed to determine whether the crimes were aggravated domestic violence offenses. In order to find the crimes were aggravated domestic violence offenses, the court instructed the jury that it needed to find the following elements proved beyond a reasonable doubt:

> (1) That the victim and the defendant were family or household members; and
> (2) That the offense was part of an ongoing pattern of psychological, physical, or sexual abuse manifested by multiple incidents over a prolonged period of time.

CP at 74.

The jury found Mr. Landa guilty on counts 2 and 3, and returned special verdicts on those counts finding that Mr. Landa and I.R. were family or household members, and that each count was an aggravated domestic violence offense. The jury did not reach a verdict on count 1, so the court declared a mistrial as to that count and later dismissed it on the State's motion.

*Sentencing*

The court sentenced Mr. Landa to serve an indeterminate life sentence with a minimum determinate sentence of 95 months. The sentence consisted of an 89-month minimum determinate sentence on both counts, the top of the standard range, to run concurrently. The court also imposed an exceptional sentence of 6 additional months on both counts and ran the exceptional sentences concurrent to each other, but consecutive to the 89-month sentence.

Mr. Landa timely appealed.

## ANALYSIS

JUDICIAL COMMENT ON THE EVIDENCE

Mr. Landa contends the trial court's use of I.R.'s initials constituted an impermissible judicial comment on the evidence, warranting reversal and a new trial. We disagree.

Although Mr. Landa did not object to the trial court's purported comments, a judicial comment on the evidence is an error of constitutional magnitude that can be raised for the first time on appeal. *State v. Sivins*, 138 Wn. App. 52, 59, 155 P.3d 982 (2007); RAP 2.5(a)(3).

Article IV, section 16 of the Washington Constitution provides: "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the

law." A court comments on the evidence if the court's attitude toward the merits of the case or the court's evaluation relative to the disputed issue is inferable from the statement. *State v. Lane*, 125 Wn.2d 825, 838, 889 P.2d 929 (1995); *State v. Levy*, 156 Wn.2d 709, 721, 132 P.3d 1076 (2006). The touchstone of error in a trial court's comment on the evidence is whether the feeling of the trial court as to the truth value of the testimony of a witness has been communicated to the jury. *Lane*, 125 Wn.2d at 838. This important constitutional principle serves to protect the jury from being unduly influenced by the court's opinion on the credibility, sufficiency, or weight of the evidence. *Sivins*, 138 Wn. App. at 58. We review de novo whether a jury instruction constituted an improper comment on the evidence "within the context of the jury instructions as a whole." *Levy*, 156 Wn.2d at 721.

Here, I.R. was referred to by her full name or nickname throughout trial. However, the to-convict instructions referred to I.R. by her initials, rather than by her full name.

Mr. Landa contends the to-convict instructions conveyed to the jury that the court believed I.R. was a crime victim in need of protection. He cites to federal cases to support his argument. The State responds that Divisions One and Two of this court have rejected these exact arguments in numerous opinions, including in *State v. Mansour*, 14 Wn. App. 2d 323, 470 P.3d 543 (2020), and asks us to follow suit.

In *Mansour*, the defendant argued that the court's use of the victim's initials on the to-convict instruction for a charge of first degree child molestation conveyed to the jury that the court considered her a victim, constituting an impermissible judicial comment on the evidence. *Id*. at 329. Division One rejected this argument, reasoning that the name of the victim in a child molestation case is not a factual issue requiring resolution, and that, therefore, identifying the victim by her initials did not impermissibly instruct the jury that a matter of fact had been established as a matter of law. *Id*. at 329-30. The *Mansour* court further reasoned that a juror would likely not presume the person identified by initials was a victim, or believe that the court considered her one, because even the court's use of the term "victim" has ordinarily been held to not convey to the jury the court's personal opinion of the case. *Id*. at 330 (quoting *State v. Alger*, 31 Wn. App. 244, 249, 640 P.2d 44 (1982)).

The *Mansour* court also rejected the federal cases Mr. Landa cites to in support of his argument. *Id*. (concluding that *Jane Doe v. Cabrera*, 307 F.R.D. 1, 2 n.2 (D.D.C. 2014) and *Jane Doe v. Rose*, No. CV-15-07503-MWF-JCx, 2016 WL 9150620, at \*1 (C.D. Cal. Sept. 22, 2016) (court order), were not persuasive or applicable because they were "civil cases in which the respective plaintiffs sought to use pseudonyms to conceal their identities *throughout* trial."). By contrast, the victim in *Mansour* was referred to by her full name throughout trial. *Id*.

8

Mr. Landa contends we should deviate from *Mansour*'s reasoning. He argues that the use of I.R.'s initials was particularly prejudicial in this case because there was no physical evidence, there were no witnesses, and I.R.'s credibility was the central question for the jury.

*Mansour*'s reasoning is persuasive and we decline to depart from it. Because even the court's use of the term "victim" generally does not convey the court's personal opinion of the case, the more innocuous usage of initials similarly does not convey the court's personal opinion of the case. Moreover, we have difficulty understanding how the trial court conveyed to the jury that I.R. needed protection by using her initials in the jury instructions, when, throughout trial, her actual name was used hundreds of times.

AGGRAVATING FACTOR

Mr. Landa challenges his aggravated sentence on three grounds. He first argues the State presented insufficient evidence to prove the aggravator beyond a reasonable doubt. Because we agree with this challenge, we limit our review to it.

A criminal defendant may always challenge the sufficiency of the evidence supporting a conviction for the first time on appeal. *State v. Hickman*, 135 Wn.2d 97, 103 n.3, 954 P.2d 900 (1998). We review a jury's finding by special interrogatory under the sufficiency of the evidence standard used for reviewing convictions. *State v. Stubbs*, 170 Wn.2d 117, 123, 240 P.3d 143 (2010). "The sufficiency of the evidence is a question

of constitutional law that we review de novo." *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016).

Due process requires the State to prove all elements of the crime beyond a reasonable doubt. *State v. Aver*, 109 Wn.2d 303, 310, 745 P.2d 479 (1987); U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3. When a defendant challenges the sufficiency of the evidence, the proper inquiry is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Id*. Inferences based on circumstantial evidence, however, cannot be based on speculation and must be reasonable. *State v. Vasquez*, 178 Wn.2d 1, 16, 309 P.3d 318 (2013).

The State charged Mr. Landa with one aggravating factor, former RCW 9.94A.535(3)(h)(i) (2010), which required the State to prove beyond a reasonable doubt that (1) Mr. Landa's "current offense involved domestic violence, as defined in RCW 10.99.020, . . . and . . . [(2)] [t]he offense was part of an ongoing pattern of . . . sexual abuse . . . manifested by multiple incidents *over a prolonged period of time*." (Emphasis added.)

10

Mr. Landa cites *State v. Barnett*, 104 Wn. App. 191, 203, 16 P.3d 74 (2001), for his argument that (1) more than two weeks is necessary to satisfy the prolonged period of time requirement, and (2) the State failed to present evidence to satisfy that requirement. In response, the State cites *State v. Epefanio*, 156 Wn. App. 378, 392, 234 P.3d 253 (2010) for its argument that (1) five to six weeks is sufficient to satisfy the prolonged period of time requirement, and (2) it presented sufficient evidence to satisfy that requirement. We disagree with the second part of the State's argument.

The only person who testified about how much time elapsed between the first and last incidents of molestation was I.R. She testified she did not know how much time elapsed between those incidents. As a matter of law, this evidence was insufficient because it required the jury to speculate, without evidence, that the molestation occurred over a prolonged period of time. We remand for resentencing within the standard range. *See Stubbs*, 170 Wn.2d at 131 (concluding that aggravator did not apply, and remanding for resentencing within standard range).[1]

---

[1] Because resentencing is required, the various other sentencing issues raised by Mr. Landa are moot.

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

RAP 10.10 permits a criminal defendant to file a pro se statement of additional grounds for review (SAG) if the defendant believes his appellate counsel has not adequately addressed certain matters. However, our review of a SAG is subject to practical limitations. For example, we consider only issues raised in a SAG that adequately inform us of the nature and occurrence of the alleged errors. *State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008).

Mr. Landa raises various issues in his SAG. First, he contends he did not get a fair trial because he was not allowed to speak or given the opportunity to defend himself. We disagree. The record shows that he testified in his defense. Thus, he had the chance to speak and defend himself. To the extent he is referring to the trial court limiting his allocution during sentencing, because we are reversing for resentencing, Mr. Landa can exercise his allocution rights at that time.

Mr. Landa next contends that he was discriminated against because he did not speak English and that he was treated like a monster. However, Mr. Landa cites to no examples of discrimination nor him being treated like a monster. Because we only consider issues that adequately inform us of the nature and occurrence of the alleged errors, we decline review of these issues. *Id.* To the extent these alleged issues involve facts or evidence not in the record, he may raise them in a personal restraint petition. *Id.*

12

No. 39534-1-III
*State v. Landa*

Mr. Landa also contends he was not in the courtroom during trial. However, the record shows that he was present in the courtroom during trial.

Last, Mr. Landa contends he was not shown the evidence against him. However, he does not specify what evidence he was not shown. Again, we consider only issues raised in an SAG that adequately inform us of the nature and occurrence of the alleged errors. *Id.* Thus, we decline review of this issue.

Affirm convictions, but remand for resentencing within the standard range.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Fearing, J.

Cooney, J.

13